[Crim. No. 2707. In Bank.—February 27, 1925.]

## In the Matter of the Application of G. T. WHITE for a Writ of Habeas Corpus.

[1] MUNICIPAL CORPORATIONS—ZONING ORDINANCES—POLICE POWER—CONSTITUTIONAL LAW.—The establishment by a municipality of a strictly residential district pursuant to a general comprehensive zoning plan which has reasonable relation to the public health, safety, morals, or general welfare is a valid exercise of the police power and is not in contravention of the fundamental law of the state.

[2] ID.—NECESSITY FOR ZONING—FINDING BY TRUSTEES.—The right to zone may be resorted to upon a proper invocation of the police power, but such zoning must be reasonably necessary and reasonably related to the health, safety, morals, or general welfare of the community, and it must either expressly or impliedly be founded upon a finding by the board of trustees, or other governing board of the municipality, that such zoning is necessary to the general welfare of the community.

[3] ID.—DISTRICTING OF TOWN—FINDING OF NECESSITY.—Where the board of trustees of a municipality undertook to zone the town into two districts, one of which was to be devoted to residential uses and the other to business uses, this was in effect a legislative finding that the maintenance of both such districts was necessary to the public welfare, and it was the duty, therefore, of the board of trustees when zoning the town to make adequate provision for both such uses.

[4] ID.—INVALID ZONING ORDINANCE — UNREASONABLE LIMITATION OF BUSINESS DISTRICT.—A municipal zoning ordinance provides an unreasonable restriction of business uses, and is void, where out of the whole acreage of the town of not less than two thousand five hundred acres it allows only one and one-tenth acres for business uses, which area is already occupied by existing businesses at the time of the passage of the ordinance, the balance of the territory being limited to residential uses, as there is not an adequate provision for the business district.

---

1. Creation by statute or ordinance of restricted residence districts within municipality from which business buildings are excluded, notes, 19 A. L. R. 1395; 33 A. L. R. 287. See, also, 18 Cal. Jur. 858.

2. See 18 Cal. Jur. 864.

[5] ID.—INVALID PROVISION OF ORDINANCE—WHEN WHOLE ORDINANCE
     VOID.—Notwithstanding provision is made in such an ordinance
     that if any section, subsection, sentence, clause, or phrase of the
     ordinance is for any reason held to be unconstitutional, illegal,
     or otherwise invalid, such decision shall not affect the remaining
     portions of the ordinance, the whole ordinance is invalid where the
     vice of the ordinance permeates the whole scheme.

(1) 28 Cyc., p. 736, n. 47.   (2) 28 Cyc., p. 736, n. 46.   (3) 28
Cyc., p. 736, n. 46.   (4) 12 C. J., p. 934, n. 43.   (5) 36 Cyc., p. 977,
n. 28.

APPLICATION for a Writ of Habeas Corpus to discharge petitioner, who was convicted of violating a zoning
ordinance.   Petitioner discharged.

The facts are stated in the opinion of the court.

John E. Springer for Petitioner.

Franklin Swart, District Attorney, and Arthur H. Redington for Respondent.

LENNON, J.—The petitioner herein seeks his release on
*habeas corpus* after judgment of conviction rendered in the
recorder's court of the town of Atherton, county of San
Mateo, upon a charge of misdemeanor, to wit, violation of
Ordinance 23 of said town.

Succinctly stated, the undisputed facts of the case, shown
by the return to the writ and the petition for the writ, employed as a traverse, and the stipulations of the respective
parties to the proceedings, are these:

Said Ordinance 23 is a zoning ordinance which divides the
town of Atherton into two zones designated as "The residence district" and "The unrestricted district."   Section 4
(a) of said ordinance provides that in the "unrestricted district," "the premises therein and the buildings now or hereafter to be placed thereon may be devoted to any lawful
use, but subject to the ordinance of this municipality and to
the regulations of its Board of Health."   Section 4 (b)
thereof provides that in the residence district "no piece,

5.  Effect of partial invalidity of statute, notes, Ann. Cas. 1916D,
104, 127, 136, 139, 158, 171; Ann. Cas. 1918D, 1123.

parcel, lot or premises, and no building thereon, shall be used, and no building shall be constructed or altered thereon which is arranged, intended or designed to be used for any of the following purposes, viz.: store, shop, retail or wholesale business house, factory, hotel, boarding house, hospital, private school, sanitarium, public garage, undertaking parlor, gasoline or oil station, amusement enterprise for profit, or other structure for the conduct therein of trade or business.''

This ordinance was enacted on the twenty-first day of November, 1923, after proceedings duly and regularly had and taken, under and in pursuance of an act of the legislature entitled, ''An act to provide for the establishment within municipalities of districts or zones within which the use of property, height of improvements, and requisite open spaces for light and ventilation of such buildings may be regulated by ordinance.'' (Stats. 1917, p. 1419.) Thereafter, while said ordinance was in operation, the petitioner herein, built a small structure to be used as a real estate office in the residence district of the town of Atherton, as said residence district is defined by said ordinance, and proceeded to transact business therein.

The town of Atherton is a municipal corporation of the sixth class, situate in the county of San Mateo. It extends east and west, across the state highway (El Camino Real) for an average distance of about three and three-quarters miles and extends north and south along the highway for an average distance of about one mile. It includes within its limits not less than 2,500 acres of land; the zone limited by the ordinance in question as an ''unrestricted district'' contains less than one and one-tenth acres, which has a street frontage of only 436 feet and which was at the time of the enactment of the ordinance and now is fully occupied, to the exclusion of other business, by a gasoline service station and a restaurant. The building of the petitioner was erected after the passage of the ordinance and was located upon a lot within the district zoned by said ordinance for residential use upon the west side of and fronting upon the state highway about midway between the north and south boundaries of the town and about 400 feet south of the southerly boundary of the ''unrestricted district.'' Excepting for the territory embraced within the ''unre-

stricted district," as defined by said ordinance, the territory of said town is devoted to residential uses and comprises a suburban community of homes. Between the "unrestricted district" and petitioner's building are located three separate residences, and opposite said building and on the east side of the highway are two large residential tracts upon each of which the owner thereof resides and has his home. About 100 feet south of the petitioner's said building and on the same same side of the highway is another large residential tract upon which the owner thereof resides and has his home, and to the west of petitioner's building are other residential lots occupied by people who have their own homes thereon. Outside of the boundaries of said town and in close proximity thereto are locations where business is conducted, with ample space available for additional business houses; thus at Menlo Park, which is situated about three-quarters of a mile south of petitioner's premises, in unincorporated territory, there is a well-settled business district; and at Five Points, about one mile to the north of petitioner's premises, there is another well-settled business district; and at other places upon the state highway outside of the territorial boundaries of the town of Atherton, but in the vicinity thereof, there are other well-defined business areas where business is now being conducted and in any of which places space is available for the erection of other business structures for the conduct of business therein. The population of the town of Atherton is variously estimated to be between 600 and 1,000 persons.

Petitioner contends that his imprisonment is unlawful by reason of the fact that the ordinance under which he was convicted is invalid. Petitioner bases his claim of the invalidity of the ordinance upon two grounds, (1) the unconstitutionality of any ordinance establishing strictly residential districts from which all business enterprises are excluded, and (2) the unreasonableness of the provisions of the particular ordinance in controversy with reference to the unrestricted district.

[1] The decision in the case of *Miller* v. *Board of Public Works, ante,* p. 477 [234 Pac. 381], wherein it was held that the establishment by a municipality of a strictly residential district pursuant to a general comprehensive zoning plan which had reasonable relation to the public health,

safety, morals, or general welfare, is a valid exercise of the police power and is not in contravention of the fundamental law of the state, renders petitioner's first contention no longer tenable.

We are of the opinion, however, that petitioner is correct in his second contention.

[2] As has been pointed out in the cases of *Miller* v. *Board of Public Works, supra*, and *Zahn* v. *Board of Public Works, ante*, p. 497 [234 Pac. 388], the right to zone may be resorted to upon a proper invocation of the police power, but such zoning must be reasonably necessary and reasonably related to the health, safety, morals, or general welfare of the community. Of course, it goes without saying that such zoning must either expressly or impliedly be founded upon a finding by the board of trustees, or other governing body of a municipality, that such zoning is necessary to the general welfare of the community.

[3] It appears in the instant case that the board of trustees undertook to zone the town into two districts, one of which was devoted to residential uses and the other to business uses. This was in effect a legislative finding that the maintenance of both such districts was necessary to the public welfare. It was the duty, therefore, of the board of trustees when zoning the town to make adequate provision for both such uses. [4] That adequate provision for the business district was not made is at once apparent. It is true that some provision was made for business, that is to say, one and one-tenth acres out of 2,500 acres was designated as an ''unrestricted district'' in which buildings to be ''devoted to any lawful use'' might be constructed. But it is apparent from the fact that the ''unrestricted district'' was already fully occupied by a gasoline station and a restaurant to the exclusion of new business uses, that the board of trustees was limiting the ''unrestricted district'' to business enterprises already established and to the exclusion of any future business development. The ordinance in effect grants a monopoly to the business establishments already situate in the one and one-tenth acres of the ''unrestricted district.'' In other words, under the guise of regulating business and segregating it to a particular district, the ordinance in fact prohibits all business save and except that of the favored two already established.

Of course, we are not called upon here to find and definitely decide what proportion of the territory of the town of Atherton may be reasonably allocated to business uses. But we are satisfied and do decide that, under the admitted facts of the instant case, the area allotted by the ordinance in question for business purposes in the town of Atherton is so small as to be an unreasonable restriction. Consequently the ordinance cannot be sustained upon the theory that it is a proper invocation and application of the police power of the state.

[5] Provision is made in the ordinance that if any section, subsection, sentence, clause, or phrase of the ordinance is for any reason held to be unconstitutional, illegal, or otherwise invalid, such decisions shall not affect the remaining portions of the ordinance. Inasmuch as the vice of the ordinance permeates the entire scheme thereof, it must be held that the entire ordinance is void. The objection to the ordinance may be eradicated by the board of trustees of the town of Atherton, who, when so doing, will, doubtless, "give reasonable consideration, among other things, to the character of the district, its peculiar suitability for particular uses, the conservation of property values and the direction of building development in accord with a well-considered plan." (Stats. 1917, p. 1419.)

The ordinance being invalid, it follows that petitioner's conviction and subsequent imprisonment was unlawful and he must be released from custody.

The petitioner is discharged.

Richards, J., Shenk, J., Myers, C. J., and Waste, J., concurred.