[Civ. No. 6624. First Appellate District, Division Two.—September 24, 1929.]

F. A. ANDREWS, Respondent, v. CITY OF PIEDMONT, a Municipal Corporation, Appellant.

Girard N. Richardson for Appellant.

Breed, Burpee & Robinson for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to obtain a judgment of declaratory relief. The defendant answered and a trial was had before the court sitting without a jury. The court made findings in favor of the plaintiff and from a judgment entered thereon the defendant has appealed and has brought up a typewritten record. The plaintiff sought a decree that a municipal zoning ordinance is invalid.

The defendant claims the court had no authority to declare invalid a municipal ordinance. It quotes section 1060 of the Code of Civil Procedure as follows: "Any person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of

his rights or duties with respect to another, or in respect to, in, over or upon property. . . . '' Then it contends that the power of the court is confined to construing private writings. It cites the Kansas statute and calls attention to the fact that the latter contains words expressly enumerating statutes and municipal ordinances. The vice in this reasoning is the failure to note that our statute is written in the disjunctive. The power is manifold. It includes the power to construe private writings as defendant contends. But it goes much further and it also includes this broad power: ''Any person . . . who desires a declaration of his rights or duties . . . in respect to, in, over, or upon property . . . may,'' etc. Under the latter grant the plaintiff, in the first instance, is not bound to enumerate every statute that may be involved. But, on the trial, as the hearing of the cause proceeds, the trial court at a proper time will be called upon to construe and interpret each statute or municipal ordinance which may be involved.

In the next place the defendant contends that the zoning ordinance of the City of Piedmont is valid. Since its brief was filed the point has been definitely ruled against it. (*Wickham* v. *Becker*, 96 Cal. App. 443 [274 Pac. 397].) The trial court held the ordinance invalid. On the authority of the case just cited it did not err. But the court did not stop at that point. It went further and inserted a paragraph as follows: ''It is further ordered, adjudged and decreed that defendant, City of Piedmont, has no right or power to prevent the use of the above-described real property of plaintiff for retail business purposes, and that any and all restrictions attempted to be imposed by said City of Piedmont preventing the use of said real property for retail business purposes are null, void and of no effect.'' The effect of that paragraph is to hold that the defendant may not adopt any zoning ordinance that will be valid. Of course, that is not so.

The paragraph quoted is stricken out. As so modified, the judgment is affirmed. The respondent will recover his costs on this appeal.

Nourse, J., and Koford, P. J., concurred.