[Civ. No. 8144. First Appellate District, Division Two.—December 12, 1931.]

PEARL M. SMITH et al., Respondents, v. L. G. COLLISON et al., Appellants.

Hill, Morgan & Bledsoe, Kenneth W. Wright and Roscoe R. Hess for Appellants.

Cruickshank, Brooke & Evans for Respondents.

WARD, J., *pro tem.*—This is an appeal from a judgment permanently enjoining and restraining defendants from constructing, maintaining or operating any store or shop for the buying or selling of merchandise, etc., within a certain area in Altadena, Los Angeles County, California. Ordinances Numbers 1270 and 1306 (N. S.) provide for the zoning of approximately fifty-nine per cent of the territory of the section of the county known as Altadena. Forty-one per cent of the territory remains unzoned. An area of about seven and one-half acres is zoned for business or commercial uses and approximately twenty-one hundred and ninety-three acres are set aside for residential purposes. Just prior to the commencement of this litigation defendants had begun excavation for the construction of two store buildings within the area restricted for residential purposes. Plaintiffs, the home or property owners near the location of the proposed store buildings, united to file their complaint seeking to enjoin defendants from completing the work. The complaint alleged a violation of the ordinances in question and further alleged special and irreparable injury and damage to the plaintiffs, different in degree and kind from the injury and damage sustained by the public at large. In substance the court found that the erection of the stores would cause excessive and loud noises in the vicinity by reason of automobile truck traffic, etc., and likewise impairment of safety to children residing in the neighborhood, annoyance by reason of the congregation of loiterers near the stores, the collection of dirt and rubbish blown upon plaintiffs' property, an increase in fire hazard, the attraction of rodents, insects, etc., as a menace to the health of plaintiffs, and impairment of the outlook from plaintiffs' property. Evidence, though meager in some instances, appears in the record sufficient to substantiate the findings.

Appellant contends that the mere recital in the complaint or the findings of the court, of results attendant upon the

ordinary and lawful use of business property, is insufficient to grant equitable relief to enforce a penal ordinance. ■ It is true that equity has no jurisdiction to restrain a threatened violation of an ordinance unless the threatened act if consummated would be a nuisance. ■ An officer or a public body authorized by law may abate a public nuisance or, if specially injurious to himself, a private person may seek to abate. (Civ. Code, secs. 3493 and 3494.) Private persons may not resort to equity to prevent criminal acts unless the facts substantiate the claim that the person has suffered some exceptional damage to property other than that suffered by the public generally. (*Perrin* v. *Mountain View Mausoleum Assn.*, 206 Cal. 669, at p. 674 [275 Pac. 787].) ■ The erection of a store is not in and of itself a nuisance, but, depending upon the facts of the case, may become a nuisance if erected in a residential zoned area. The trial court found that the construction of the buildings would result in certain conditions heretofore mentioned. If these conditions should exist it is fair to conclude that this would be offensive to the senses, injurious to health, an obstruction to the free use of their property, and, accordingly, result in a depreciation in value of the residence property. All of the property in the zoned area would not be so affected, but the residence property near the proposed stores certainly would be and hence these respondents would suffer exceptional damage other than that suffered by the public generally in that particular community.

The complaint alleged that the ordinances in question were part of a uniform and comprehensive plan for zoning, for building purposes, all of the unincorporated territory in Los Angeles County. The answer denies this allegation. The court found that the allegation was true. Appellants contend that there is no evidence to sustain this finding. ■ Zoning is the division into districts of certain areas with regulatory proscription applied to the land or buildings. The regulations must have reference to and be in the interest of the public, such as the preservation of the peace, safety, morals, health, comfort and convenience of the public generally. Comprehensive zoning is regulation with forethought to a uniform plan or design to restrict construction and development reasonably and with fairness

to each district within the jurisdiction of the duly empowered legislative body. Changing conditions necessitate changed regulations. A comprehensive plan of zoning does not mean permanent regulation. Extensions, curtailments and modifications are all a part of comprehensive zoning. A zoning plan cannot be made in a day. (*Miller* v. *Board of Public Works,* 195 Cal. 477, at p. 496 [38 A. L. R. 1479, 234 Pac. 381].) Emergency enactments and prior regulatory measures are as much a part of a comprehensive plan as if embodied in the general zoning law provided that they were duly and regularly passed by a legislative body in contemplation of a general zoning law and prove to be reasonably related to the. general plan and for the better welfare of the public. To hold otherwise would result in assisting evaders of a contemplated uniform zoning plan to destroy the very purpose of its enactment.

In this case the original ordinance and the amendment thereto was confined to a part of Altadena in Los Angeles County and was passed and adopted in 1925. Other ordinances restricting certain nuisances had previously been adopted. The ordinances restricting building, etc., designed for special uses applying to the whole of the unincorporated area of the county of Los Angeles did not become a law until 1927, but the regional planning commission was in existence in 1923 prior to the adoption of the Altadena ordinance and was actually making a survey of the whole county. The secretary of this board in his testimony referring to the Altadena ordinance of 1925, used the following language: "It was the pioneer towards comprehensive zoning in the county." It may therefore be concluded that the 1925 ordinance related to the subsequent zoning ordinance of 1927 and was and is for the better welfare of the political subdivision as a whole.

The ordinance of 1927 provided in part as follows: "That the portions of said unincorporated territory hereinafter in this ordinance described are the first portions of the said territory surveyed. . . . " Appellants contend that the language of the ordinance is declarative of the fact that the 1927 ordinance was the first step in the action of the county to adopt a comprehensive zoning plan. Under the provisions of the ordinance, unincorporated territory far removed from Altadena was zoned by metes and bounds.

This far removed territory may have been the first studied or the first surveyed, but that would not interfere with or preclude the 1925 ordinance being likewise a part of the comprehensive plan if a reviewer of the history of zoning ordinance in Los Angeles County could say with confidence that the 1925 ordinance redounds to the welfare of the county as a whole and that it is reasonably related to the plan set forth in the 1927 ordinance. (*Miller* v. *Board of Public Works, supra.*) The court so found. There is evidence sufficient to sustain the finding.

Zoning is inherent in the police power. The doctrine of comprehensive zoning has been sustained by the Supreme Court of this state (*Miller* v. *Board of Public Works, supra; Zahn* v. *Board of Public Works,* 195 Cal. 497 [234 Pac. 388]), but when there has been an arbitrary and discriminatory exercise of police power (*Pacific Palisades Assn.* v. *Huntington Beach,* 196 Cal. 211 [40 A. L. R. 782, 237 Pac. 538]), or when the ordinance in question has no relation to public health, general welfare or safety, morals or protection of the community (*Ex parte Hadacheck,* 165 Cal. 416 [L. R. A. 1916B, 1248, 132 Pac. 584]), or where there is an unreasonable restriction (*In re White,* 195 Cal. 516 [234 Pac. 396]), the courts will interfere. Appellants contend that in the application of the ordinance to their property, the ordinances are unreasonable, arbitrary and discriminatory and, in particular, that one corner of an intersection is restricted to residential use when the other three corners are devoted to business uses. The line of demarcation must be drawn somewhere and it seems reasonable to conclude that ordinarily where the property is physically separated as by streets or lanes that the damage to the community at large and to individual property owners is less than if the line should be drawn between abutting property. However, the property here is not on the corner, but some short distance away. The first question to determine is whether the classification and districting has been applied fairly and impartially. As the district now stands the evidence indicates that less than one-half of the business zone is unimproved so that there is still ample space for the erection of business property. The fact that business property exists nearby or across the street is not sufficient to declare the ordinance

unreasonable. Of necessity in any scheme or plan of zoning some business property must be near the residential property. In this case the level of the land may have been the reason for the designation of the particular corner as residential property. When there is some possible reason for the drawing of the dividing line, courts will not substitute their judgment for the plans considered by legislative bodies. (*Brown* v. *City of Los Angeles,* 183 Cal. 783 [192 Pac. 716]; *Feraut* v. *City of Sacramento,* 204 Cal. 687 [269 Pac. 537].) █ Appellants contend further that because certain business uses are not specifically excluded, such as moving picture studios, brick yards, factories, etc., that therefore they are permitted. The ordinance excludes commercial enterprises of all descriptions and unless this blanket exclusion is palpably unrelated to the general welfare of the community, the ordinance should not be nullified. The plan of business and residential location here gives color to its substantial relation to the safety and general welfare of the community. The evidence shows that the Altadena district is primarily a residential district and therefore that business and commercial establishments should be subordinate to the best interest and general welfare of the whole district. The adaptability and suitability of a particular piece of property is not controlling, but rather the best interest of the entire district.

█ The depreciation of the value of appellants' property as residential instead of business property is not enough to declare the ordinances invalid. The exercise of the police power in zoning always affects certain parcels of land. Unless the injury is to many instead of to a few, courts will not invalidate restrictive building ordinances upon the question of depreciation of value standing alone. (*Zahn* v. *Board of Public Works, supra; Feraut* v. *City of Sacramento, supra; Fitzgerald* v. *Merard Holding Co.,* 106 Conn. 475 [54 A. L. R. 361, 138 Atl. 483].) The ordinances, in their substantive matter, were reasonable at the time of adoption and nothing has occurred since to indicate that in their application such harshness or injury has resulted as would warrant this court in substituting its opinion for the judgment of the legislative body.

█ From what has been said heretofore in reference to these ordinances being the forerunners of the comprehensive

plan subsequently adopted and therefore a part thereof, the specifications of error relative to the admissibility of evidence historically outlining the reasons for and the method of the passage of these ordinances, are not well taken. Likewise, the court had a right to know as a matter of determining the reasonableness of these ordinances the important consideration given in the preparation and passage of other restrictive enactments. Counsel on each side propounded questions somewhat argumentative and calling for conclusions, but an examination of the specifications of error does not indicate the probability of a different result had the rulings of the trial court been otherwise.

The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.