[S. F. No. 15581. In Bank.—October 6, 1938.]

FRANCIS EDWARD REYNOLDS et al., Respondents, v. RALPH BARRETT, as City Building Inspector, etc., Appellant.

Girard N. Richardson, City Attorney, and Robinson, Price & Macdonald for Appellant.

Bestor Robinson and Breed, Burpee & Robinson for Respondents.

THE COURT.—Respondents, as owners of property in a residential zone, instituted this proceeding in *mandamus* to compel the Building Inspector of the city of Piedmont to issue them a building permit to erect a business structure thereon. From a judgment ordering the Building Inspector to issue the permit, this appeal is taken.

The city of Piedmont embraces within its corporate limits about 1100 acres and has a population of approximately 10,000. It is entirely surrounded by the city of Oakland. It is operated under a freeholders' charter approved by the legislature (Stats. 1923, p. 1564), which, among other things, declares the city to be "primarily a residential city" and authorizes the city council to provide such zoning systems as in its judgment may appear beneficial. Pursuant to such authorization, the city from time to time adopted three zoning ordinances, numbered 196, 268 and 315. By its terms, the second repealed the first, and the present ordinance (No. 315), passed March 21, 1929, repealed the second. These ordinances have been the subject of extensive litigation. Ordinance No. 268, the immediate predecessor of the one here involved, came under judicial scrutiny in the case of *Wickham* v. *Becker,* 96 Cal. App. 443 [274 Pac. 397]. In that case it was held that Ordinance No. 268 was void on the ground that it created a monopoly. The same determination was made in *Andrews* v. *City of Piedmont,* 100 Cal. App. 700 [281 Pac. 78], and a like ruling was affirmed with reference to the very parcel of land here involved in *Reynolds* v. *City of Piedmont,* 100 Cal. App. 802 [281 Pac. 79]. To the same effect was the holding in *Harris* v. *City of Piedmont* and *Williams* v. *City of Piedmont,* 100 Cal. App. 802 [281 Pac. 79].

In addition to these cases it appears from the pleadings herein that the Superior Court of Alameda County in *Harris* v. *City of Piedmont,* No. 109,838, held the ordinance involved

in the present proceedings (No. 315) void in so far as it affects the parcel of property adjacent to and immediately to the east of respondents' property on the ground that the ordinance created a monopoly and was discriminatory. By that judgment the Harris parcel was ordered opened for business purposes. The city appealed, but the appeal was subsequently dismissed when the issues became moot by reason of the condemnation of the property by the city for school purposes.

Contemporaneously with the trial of the Harris case last above referred to, which as stated, held the ordinance here in question (No. 315) void as to property adjacent to respondents' property, there was tried, before the same judge, the action of *Langstroth* v. *City of Piedmont*. As to the parcel of land involved in that case the trial court upheld the ordinance, on the ground that the designated parcel was several blocks removed from the business centers and that it was not within any reasonable or logical extension of such centers. The judgment was affirmed on appeal. (*Langstroth* v. *City of Piedmont*, 5 Cal. App. (2d) 146 [42 Pac. (2d) 356].)

The present action was tried before the same judge who decided the Harris and Langstroth cases, *supra*. In the instant case, the trial court found that the predecessor ordinance (No. 268) and the ordinance here in question (No. 315) each created two business districts, one in Upper Piedmont, known as the "Highland Business District" and one in Lower Piedmont, known as the "Grand Avenue Business District"; that the predecessor ordinance (No. 268) was declared invalid as to the Reynolds-Williams property and others, *supra*, because it created a business monopoly; that the ordinance here involved (No. 315) increased the area of the Grand Avenue Business District but did not enlarge the area of the Highland Business District; that said two business districts are so separated by differences in elevation, by street alignment and by distance as to be noncompetitive; that said districts serve distinct and separate portions of the city of Piedmont; that the number of persons tributary to the Highland Business District, and whose retail business needs could be readily and conveniently served by said district, if enlarged, is approximately 3,500; that said Highland Business District is insufficient to care for the retail business needs of the population tributary thereto; that a monopoly

of ownership exists in the Highland Business District in that all the property therein is owned by one corporation, excepting only property owned and devoted to public use; that a monopoly of use also exists therein in that said district is completely occupied by one gasoline station, one bank, one real estate office, one grocery store, one delicatessen shop, one butcher shop, one barber shop and one candy store; that there is no room for expansion within said business district; that the ordinance, in so far as it prohibits the use of respondents' property for business purposes, is unreasonable, discriminatory and arbitrary in that (a) the property immediately to the east of respondents' property (across Vista Avenue) is by said ordinance open to business uses and is in fact occupied by the city of Piedmont for the purpose of conducting thereon a municipal garage; a fire department and a city hall; (b) that the Highland Business District is situated immediately across Highland Avenue from respondents' property and said Highland Avenue is one of the main city arteries and has a street car line operated thereon; (c) that the real property immediately to the west of respondents' property (prior to its condemnation) was open to business uses; (d) that the real properties to the south of respondents' property are used for a fraternal meeting hall and for a public grammar school; (e) that respondents' property is so zoned as to be available for a single family dwelling only; (f) that there is no difference with reference to its use for retail business purposes or other uses prohibited to it between the character of respondents' property and the character of the property surrounding the same, either immediately or across public streets as already described, which may be used for such other purposes; that the use of respondents' property for the erection thereon of a gasoline station or any other lawful business purpose, will not endanger the safety, health or general welfare of the people of the city of Piedmont; and that in the event said Highland Business District is to be increased in area, respondents' property is included within any reasonable or logical extensions thereof.

From this *résumé* of the findings it is apparent that the trial court's judgment holding the ordinance void as to the Reynolds-Williams property was based on two theories, viz.:

(1) That the ordinance is invalid, generally, for the reasons that in the Highland Business District there exists a monopoly of ownership and use; that the existing business district in that area is fully occupied; that the city should have provided a larger area for business purposes; and

(2) That as applied specifically to the Reynolds-Williams property the ordinance, assuming its general validity, is unreasonable, discriminatory and arbitrary for the reason that said parcel is entirely surrounded by properties used for business, semi-business or public purposes.

In so far as the first theory is concerned we are of the opinion that the conclusions upon which it is predicated are not sound. The record, without conflict, shows that Piedmont is primarily a residential city. Its charter so declares. It is entirely surrounded by the city of Oakland in which are located many business houses which maintain frequent and adequate delivery service to all parts of Piedmont. The Grand Avenue Business District created by the challenged ordinance is not fully built up. ▪ The people of the city of Piedmont have shown a determined effort to keep their city a residential city. This they have the legal right, within constitutional limits, to do. The power to declare zoning ordinances unconstitutional only should be exercised where no substantial reason exists to support the determination of the city council. If the reasonableness of the ordinance is reasonably debatable the ordinance must be upheld. (*Zahn* v. *Board of Public Works*, 274 U. S. 325 [47 Sup. Ct. 594, 71 L. Ed. 1074].) ▪ The line between business and residential property must be drawn somewhere. The mere fact that business property is located across the street or even adjoining the residential property involved does not determine that the ordinance is invalid or discriminatory. (*Smith* v. *Collison*, 119 Cal. App. 180 [6 Pac. (2d) 277]; *Feraut* v. *Sacramento*, 204 Cal. 687 [269 Pac. 537].) The fact that nearby business property has the same characteristics as the parcel involved in the proceeding does not justify the court in substituting its judgment for the legislative judgment. (*Ex parte Hadacheck*, 165 Cal. 416 [132 Pac. 584, L. R. A. 1916B, 1248]; *Brown* v. *City of Los Angeles*, 183 Cal. 783 [192 Pac. 716].) ▪ The fact that the Highland Business District is fully occupied does not invalidate the ordinance as long as another business zone not fully occupied

exists. (*Langstroth* v. *Piedmont, supra.*) ▮ Damage to petitioners' property by reason of being in a residential zone adjoining business property in no way affects the validity of the ordinance. Damage caused by the proper exercise of the police power is merely one of the prices an individual must pay as a member of society. The adaptability and suitability of petitioners' property for business purposes is not controlling—the best interests of the entire district is the controlling factor. (*Smith* v. *Collison, supra.*) Under these principles there can be but little doubt that the ordinance here involved represents a valid exercise of the police power.

▮ This holding, however, is not decisive of the issues here presented. As already pointed out, the trial court also held that, assuming the general validity of the ordinance, it is unreasonable, arbitrary, and discriminatory as applied to the particular parcel of land here involved. With this holding we are in accord. The lot in question is located on the corner of Highland and Vista Avenues. Immediately across Highland Avenue (northerly) is the Highland Business District. Immediately across Vista Avenue (easterly) is a large area also within the business zone under Ordinance No. 315, but at present completely occupied by the city hall, city garage, and city fire department. Immediately adjacent to the property of plaintiff to the south is located a fraternal meeting hall and adjacent to that a grammar school. The property adjacent to plaintiff's property to the west is the Harris property, which, as already pointed out, by virtue of a final judgment, is also open to business uses, but now used for school purposes. Thus the Reynolds-Williams property is completely surrounded by non-residential property—one lot completely isolated from any adjoining residential property. It seems quite clear that as to this one lot the zoning ordinance is arbitrary and discriminatory.

▮ Obviously the property is valueless for a single family residence, and while that fact is not by itself conclusive, when it also appears that the property at no point is adjacent to residential property so that its use for business purposes would not at all adversely affect residential property, the business use should be permitted. To hold otherwise would be to needlessly injure plaintiffs, without a compensating benefit to the public.

■  It is obvious that by a zoning ordinance a city cannot unfairly discriminate against a particular parcel of land. If the general scheme of zoning is sound and valid, nevertheless the courts may properly inquire as to whether the scheme of classification and districting has been applied fairly and impartially in each instance. (*Miller* v. *Board of Public Works*, 195 Cal. 477 [234 Pac. 381, 38 A. L. R. 1479].) As was said in *Hurst* v. *City of Burlingame*, 207 Cal. 134, 143 [277 Pac. 308] : ''There is much force in the contention of the respondent that the ordinance, if otherwise valid, is void as to him for the reason, as concluded by the trial court, that the classification of the respondent's property as residence property only was arbitrary, oppressive, discriminatory and void . . . the [trial] court also declared with reference to the plaintiff's property : 'A mere inspection of the property would present to the dullest of minds the impracticability of maintaining the portion left in this block for residential purposes.' An inspection of the record before us leads to the same conclusion and satisfies us that the question of whether the respondent's property was or was not properly zoned as residential property is not fairly debatable; that no consideration of public health, peace, safety, morals, order or welfare required that respondent be prohibited from using his property for commercial purposes and that the ordinance, if otherwise valid, would be void as to him.''

Applying these rules to the facts of the instant case we are of the opinion that reasonable minds cannot differ as to the arbitrary and discriminatory nature of the ordinance as applied to the particular parcel here involved. Obviously, a city, purporting to act under its police power, cannot create a business district, and entirely within it create an ''island'' of one lot restricted to residential purposes when no rational reason exists for such a classification. Clearly, and without possibility of doubt, such classification is discriminatory as to the isolated parcel, completely surrounded by business property. That is exactly the situation here presented.

In our treatment of this cause we have disregarded as surplusage the trial court's finding of *res judicata*. We therefore find it unnecessary to consider the propriety of certain *nunc pro' tunc* orders by which the court below purported to admit into evidence the judgment rolls in certain of the

above cited cases and upon which judgment rolls the finding of *res judicata* was predicated.

From what has been said it is obvious that although the ordinance is generally valid, as applied to the parcel here involved it is unreasonable, arbitrary and discriminatory. For that reason the judgment should be and is affirmed.