EVELYN J. VINE, RELATOR, v. STEPHEN T. ZABRISKIE, SUPERINTENDENT OF BUILDINGS OF THE VILLAGE OF RIDGEWOOD, MAITLAND B. TERHUNE, ASSISTANT SUPERINTENDENT OF BUILDINGS OF THE VILLAGE OF RIDGEWOOD, AND THE VILLAGE OF RIDGEWOOD, RESPONDENTS.

Argued October 4, 1938—Decided February 1, 1939.

Before Justices CASE, DONGES and PORTER.

For the relator, *Julian C. Harrison.*

For the respondents, *Thomas L. Zimmerman, Jr.*

The opinion of the court was delivered by

PORTER, J. The relator has a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue directing the village of Ridgewood and the superintendent of buildings of the village of Ridgewood to issue a permit to her for the erection of certain proposed buildings on her land

in the said village. It was later stipulated that the rule to show cause is to be considered as though an alternative writ had been granted and that the matter proceed on that basis.

From the testimony it appears that the type of buildings which the relator seeks permission to build is a group of four buildings, each two stories in height, subdivided by fireproof walls, each with a common heating and hot water plant, consisting in all of one hundred and fifty-eight rooms made up of fifty-two apartments of two, three and five rooms each. The buildings are planned so that there is a central lawn and garden space called an "interior court" and driveways. It is the purpose to rent these properties and they are used precisely as apartment houses of the unit-type, the owner supplying certain services and utilities to each tenant. It is called a "Rental Housing Development" or duplex apartments. It is also referred to as "Garden-Type Apartments."

The pertinent question presented is whether the use of this property by the erection of such type buildings was prohibited by the zoning ordinance in effect when the application for the permit was made. It seems to us that it was not.

The property in question is located on the northeasterly corner of Heights road and Ridgewood avenue.

The testimony is that the highest use to which this land could be used is for apartment dwellings. It is not marketable for either single or two-family dwellings, nor for business establishments. There are a few business places in the immediate vicinity, but no more are needed nor likely to be in the near future.

A body known as the "Planning and Park Commission of Ridgewood" after a comprehensive study of the needs of the village with technically trained advisors made a report to the authorities which was published on May 1st, 1930. It made recommendations for zoning the village and in its report said: "The new zoning scheme is based on the well-founded theory that in Ridgewood there should be places for everything the village needs or desires, but that everything should be kept in its proper place. It is also based on the most modern practices and the latest laws and court decisions. It will assure the provision of ample light and air in every build-

ing; plenty of open spaces on lots; reasonable height limits and no uses of private property which will. be detrimental to the village."

After public hearings were had a zoning ordinance was adopted on April 14th, 1931. The said property of the relator was zoned as recommended by the commission for "local business and apartment uses."

It appears that when it became known that the relator proposed building, petitions of protest were filed with the city commissioners and on the evening of the meeting of the commission when the application for the permit was formally denied a hastily drawn ordinance amending the zone in which this property is located, by prohibiting the erection of apartment houses therein, was introduced, given a first reading and at a later date adopted.

Clearly this was an eleventh-hour attempt to prevent this relator from using her property for its highest use and for which it had been zoned for seven years, during which time its assessed value had been substantially increased because it was so zoned. Such action was ill-advised, capricious and unreasonable. It was doubtless precipitated because of public excitement and clamor. Some of this opposition was likely based upon misinformation as to the plan of development contemplated.

However that may be, we are satisfied that the result was an arbitrary interference with the lawful and legitimate use of private property. This was condemned by this court in *Dorsey Motors, Inc.,* v. *Davis,* 13 *N. J. Mis. R.* 620 (at p. 625).

The respondents contend that the plans do not conform with the zoning ordinance of 1931 because the kind of apartment house proposed was not contemplated when the ordinance was adopted. It may well be that the usual type of apartment house then in being and which was in the minds of the framers of the ordinance was the so-called "bulk apartment house of several stories." But we think the ordinance permitting apartment houses cannot be restricted so narrowly. The proposed buildings are apartment houses with the usual and essential features of such. The fact that the style of

architecture or the features of the garden, auto storage or what not may be a departure from the older and more generally known type does not, in our view, take them out of the apartment house classification. Especially is this so in the absence of any definition of the words "apartment houses" in the ordinance.

Nor do we consider the point that the proposed buildings will not be fireproof of merit. The proofs satisfy us that the suggestions made by the building committee while these plans were being prepared in respect to fire hazards were adopted. Moreover, the sole ground on which the permit was refused was because of the pending change in the ordinance prohibiting apartments in that zone.

What has just been said is also true of the objection now made for the first time that the zoning ordinance is not being complied with with respect to the size and location of yards. While this objection seems quite technical counsel for the relator asks leave to make minor amendments to the plans to meet any proper objections which might be made in that regard. With this, we think, there can be no objection.

The final point to be considered is whether the relator was not obliged to appeal from the decision of the building inspector to the Board of Adjustment before instituting this proceeding. We think not. As the sole ground for refusing the permit was the pendency of the amendment of the ordinance of 1931 there was no question which could properly come before the Board of Adjustment which was within its power of function to pass upon and give relief.

We conclude, therefore, that the writ be allowed, with costs.