[Civ. No. 14328. Second Dist., Div. Two. Mar. 20, 1944.]

EFFIE L. O'ROURKE et al., Respondents, v. ROY TEET-
ERS, as a Member of the Regional Planning Commission,
etc., et al., Appellants.

J. H. O'Connor, County Counsel, and Beach Vasey and Edward H. Gaylord, Deputy County Counsel, for Appellants.

Walter L. Gordon and Loren Miller for Respondents.

McCOMB, J.—From a judgment enjoining the enforcement of a county zoning ordinance[1] in so far as the ordinance prohibits plaintiffs from using a portion of their residence as a display room and office in which to display sundry electrical fixtures, and in which they keep certain office supplies, defendants appeal.

The essential facts are these:

On June 15, 1939, plaintiffs purchased a parcel of real property known as 9200 Hooper Avenue, County of Los Angeles. They erected a single family residence to which is attached a storeroom approximately fifteen by twenty feet.

---

[1] The ordinance referred to in the opinion is Los Angeles County Ordinance No. 3474 (New Series) adopted November 14, 1939, which adds section 19-1/29 to the Los Angeles County zoning ordinance No. 1494 (New Series). The effect of the ordinance is to restrict the properties involved in the present action to single family residences, flats, apartment houses and bungalow courts.

The reasonable value of the property is $2,400. Plaintiffs occupied the residence. Ever since the erection thereof they have used the display room and office located on the property for the purpose of displaying sundry electrical fixtures, and also for the purpose of keeping office supplies. Attached to the front of the storeroom is a sign approximately six by twenty-four inches which bears the following words: "O'ROURKE, ELECTRIC SHOP."

It is likewise conceded that:

(a) A great deal of traffic passes plaintiffs' property on Hooper Avenue.

(b) Hooper Avenue north of plaintiffs' property from 92d Street to Manchester Street is unzoned. Hooper Avenue merges with Central Avenue at 94th Street which is two blocks south of plaintiffs' property and that south of 94th Street to Century Boulevard, Central Avenue is zoned for commercial purposes.

(c) Across the street from plaintiffs' property are vacant lots.

(d) On the same side of the street as plaintiffs' property and in the same block are two single family residences in one of which a beauty shop is conducted and in the other a cabinet shop is operated[2]

(e) A planing mill is located on Hooper Avenue approximately 500 feet south of plaintiffs' property,[2] and

(f) Plaintiffs are Negroes and are unable, because of race restrictions, to obtain a suitable place for their business in the vicinity of their residence.

This is the sole question necessary for us to determine:

*Since (1) heavy traffic passes in front of plaintiffs' property, (2) there are unzoned areas near such property, (3) in the vicinity of plaintiffs' property other property is being used which does not conform to the restrictions imposed upon plaintiffs' property, (4) plaintiffs being of the Negro race cannot, due to private race restriction agreements, purchase business property near their residence, and (5) plaintiffs purchased the property at 9200 Hooper Avenue before the zoning ordinance went into effect planning to use it for an electrical shop, was the ordinance subsequently adopted restricting the*

---

[2] All of these uses were established prior to the effective date of Ordinance No. 3474 (New Series), and therefore legally existing under section 15 of the zoning ordinance.

*use of the property to residential purposes invalid as to plaintiffs?*

This question must be answered in the negative and is governed by the following principles of law:

■ (1) Heavy vehicular traffic over a street does not destroy restricted residential uses of adjacent property so as to abrogate residential restrictions. (*Strong* v. *Hancock*, 201 Cal. 530, 548 [258 P. 60]; *Zahn* v. *Board of Public Works*, 195 Cal. 497, 510 [234 P. 388].)

■ (2) Unzoned or business districts adjacent to property restricted to residential purposes do not destroy the character of the restricted property for residential uses. (*Acker* v. *Baldwin*, 18 Cal.2d 341, 345 [115 P.2d 455]; *Kort* v. *City of Los Angeles*, 52 Cal.App.2d 804, 810 [127 P.2d 66]; *Smith* v. *Collison*, 119 Cal.App. 180, 186 [6 P.2d 277].)

■ (3) The fact that a party makes a large investment in a city lot, which at the time it is purchased is free of restrictions, with intent to use it for business purposes does not invalidate a zoning ordinance subsequently adopted restricting the use of the property to residential purposes. (*Marblehead Land Co.* v. *City of Los Angeles*, 36 F.2d 242, 244; *Marblehead Land Co.* v. *City of Los Angeles*, 47 F.2d 528, 534.)

■ (4) Private agreements imposing restrictions are not to be considered when determining the validity of a zoning ordinance for the reason that such private agreements are immaterial. (*Oklahoma City* v. *Harris*, 191 Okla. 125 [126 P.2d 988, 993].)

■ Applying the foregoing rules to the facts in the instant case, it is apparent that none of the facts found by the court justified the conclusion that the questioned ordinance was clearly arbitrary or unreasonable and had no substantial relation to the public's health, safety, morals or general welfare. Hence the general rule is applicable that a zoning ordinance will be deemed to be within the purview of the police power in the absence of a showing that it is arbitrary or unreasonable. (*Acker* v. *Baldwin, supra*, 344.)

Any other conclusion would result in a situation where only those who have been so fortunate as to obtain enough worldly goods to enable them to erect their homes in districts beyond the possible approach of commercial enterprises could be protected in their residences from the encroachment of business, commercial, and manufacturing enterprises. It needs no argument to support the thesis that all classes of our citizens, rich and poor, of whatever race or creed, are entitled to the equal protection of our laws and the privilege of living in

areas which have been properly zoned for residential purposes pursuant to the recommendation of a duly created planning commission.

If the present judgment were to be sustained, such protection, instead of being extended to the Caucasian and Negro population, rich and poor alike, would be confined and reserved to the few wealthy inhabitants of Los Angeles.

*Reynolds* v. *Barrett,* 12 Cal.2d 244 [83 P.2d 29], relied on by plaintiffs is factually distinguishable from the instant case. In the Reynolds case, a single lot was zoned for residential purposes which was completely surrounded by property used for nonresidential purposes. Clearly such ordinance was arbitrary and discriminatory, and therefore invalid.

For the foregoing reasons the judgment is reversed.

Moore, P. J., and Wood (W. J.), J., concurred.