RIDGEFIELD TERRACE REALTY COMPANY, A CORPORA-
TION, AND GEORGE GOOSS, PROSECUTORS, v. BOR-
OUGH OF RIDGEFIELD, A MUNICIPAL CORPORATION
OF THE COUNTY OF BERGEN AND STATE OF NEW
JERSEY, DEFENDANT.

Argued October 14, 1947—Decided November 18, 1947.

Before Justice BODINE (at chambers).

For the prosecutors, *George I. Marcus.*

For the defendant, *Edwin A. A. Muller* and *Dominick F. Pachella.*

BODINE, J. The writ of *certiorari* in this case was allowed to challenge the validity of an ordinance of the Borough of Ridgefield adopted on June 17th, 1947, amending an ordinance known as the "Borough of Ridgefield Zoning Ordinance —1939."

The prosecutors are the owners of a tract of land on the easterly side of Broad Avenue near Slocum Avenue. The property in question was, prior to the adoption of the 1947 amendment, zoned for garden type apartments.

The prosecutors on the 14th day of April, 1947, and while the property was zoned for that type of apartment, entered into a contract for its sale. Shortly thereafter, the purchaser submitted to the building department a drawing showing a plot plan of the proposed building. Thereafter, the amendment assailed was set in motion so that the property would be placed in a zone for one and two family dwellings.

Broad Avenue is a heavily traveled highway. A traffic count from 3:00 P. M. to 5:00 P. M. resulted in a count of 1,290 vehicles: 309 were trucks, 116 buses and 865 passenger cars. The highway is unusual in that it bears the designation U. S. Routes 1 and 9 and State Routes 1 and 5. It is also an important link with U. S. Highway No. 6. The westerly side of the avenue is zoned for business and its entire length on the westerly side is in a transition stage. Obviously, small residential projects would make little return. The most recent improvements on the westerly side of the street have been the building of a garden type apartment and a large restaurant. The area is one of heavy traffic and continuous noise. The property would be best zoned for business an expert testified, but the borough has not grown sufficiently to justify such use. For seven years the owners have paid taxes with the assurance that the lands could be used for garden type apartments when the demand became sufficiently large.

The action of the municipality seems to have been unwarranted. Even though before the application for a permit was made citizens of the borough had asked the mayor and council to consider a survey being made with reference to a rezoning of the borough. The committee felt that inasmuch as one

garden apartment had already come into town that the next garden apartment would severely tax the school facilities, the sewage plant and fire protection service, and that the police force might have to be increased with a further burden on the budget.

This seems to be specious reasoning. The building of the apartments would increase the ratables and result in greater revenue. Certainly, it is no part of zoning to prevent growth; nor is the fact that surrounding the area in question attractive single family houses have been built any reason why a change in the zoning ordinance should be made in order to preclude an efficient and economic use of the prosecutor's lands.

It seems that the ordinance, as amended, had no other purpose than to prohibit the use of the prosecutors' property in any manner that would be productive of revenue. Such is not the underlying reason for zoning. Even though all of the lot owners desired the change to be made that is no reason for its enactment unless they are adversely affected by the conditions which were planned and this does not seem to be so. *Phillips* v. *Council of Teaneck,* 120 *N. J. L.* 45. The amendment flouts the mandate of the statute and arbitrarily takes, from prosecutors, property the only use to which it could be economically put. See *Ingannamort* v. *Fair Lawn,* 133 *Id.* 194.

In *Vine* v. *Zabriskie,* 122 *N. J. L.* 1 (at *p.* 6), Mr. Justice Porter said:

"Clearly this was an eleventh-hour attempt to prevent this relator from using her property for its highest use and for which it had been zoned for seven years, during which time its assessed value had been substantially increased because it was so zoned. Such action was ill-advised, capricious and unreasonable. It was doubtless precipitated because of public excitement and clamor. Some of this opposition was likely based upon misinformation as to the plan of development contemplated."

The amendment to the ordinance will be set aside, with costs.