This action is brought to require the issuing of a permit for the erection of a building on vacant land owned by the plaintiff, located in the City of Newark and known as 72 to 80 Mt. Vernon Place, and to set aside an amending ordinance adopted January 28, 1948, rezoning the property in question from a first business zone to a second residential zone. The original zoning ordinance covering a comprehensive scheme for the whole City was adopted in 1930. Plaintiff made application on December 10, 1948, for a permit to erect a building varying in height from one to two stories for commercial stores and offices. On refusal by the defendant, Frederick Bigelow, Superintendent of Buildings of the City of Newark, to grant the permit on the ground that the proposed use was prohibited by the amended ordinance, appeal was taken to the Board of Adjustment of the City of Newark, alleging that the enforcement of the ordinance would work an unnecessary hardship. The Board of Adjustment denied the appeal. The application now is to set aside the amending ordinance and direct the Superintendent of Buildings of the City of Newark to issue the permit, and an application to review the determination of the Board of Adjustment is also included.
The map which is in evidence shows that the balance of the block not owned by the plaintiff on the south side of Mt. Vernon Place between Eastern Parkway and Kerrigan Boulevard, contains stores, and that the property on the opposite side of the street consists of new stores for the entire *Page 592 
block. Before the passage of the amending ordinance the owner of the property on the opposite side of the street, where the new stores are located, applied for and obtained a permit to erect those stores. After the construction was commenced, the amending ordinance under review was introduced and passed for the purpose of stopping the erection of the stores, as the record shows. Proceedings in the Court of Chancery followed and the City of Newark was enjoined from interfering with the erection of the stores for which the permit had been granted before the amending ordinance was passed.
The property surrounding the block on which plaintiff's land is located is entirely developed and occupied by buildings used for residential purposes. Under the original ordinance the block in question was set aside as a business center. Both sides of this block are now re-zoned by the amending ordinance from a first business zone, which permits the erection of stores and offices, to a second residential zone, although one side is entirely developed by stores, as is more than half the other side. The property upon which the plaintiff now seeks a permit was acquired previous to the passage of the amending ordinance, and the value of the property has been increasing, due in part, no doubt, to its status under the zoning ordinance.
It is quite obvious that the zoning under the amended ordinance is not based upon any uniformity or comprehensive scheme such as is contemplated by the statute, N.J.R.S. 40:55-31 and 32, but was passed in response to the demands of residents in the vicinity, who evidently feel that they have enough business properties at the present time and that an increase in business facilities will increase traffic. Passage of amending ordinances to forestall a contemplated development under a general scheme are not to be tolerated, as has been demonstrated in the cases ofVine v. Zabriskie, 122 N.J.L. 4, and Ridgefield TerraceRealty Co. et al. v. Borough of Ridgefield, 136 N.J.L. 311, which cases are sufficient authority for granting the relief prayed for here.
There will be judgment in favor of the plaintiff setting aside the amending ordinance and directing that the Superintendent of Buildings of the City of Newark grant the permit requested. *Page 593