[Civ. No. 13956. First Dist., Div. Two. May 26, 1949.]

L. H. PRICE et al., Appellants, v. JOHN V. SCHWAFEL, as City Building Inspector, etc., Respondent.

Howard E. Gawthrop and McCarthy & Rowell for Appellants.

Arnold Rumwell for Respondent.

NOURSE, P. J.—Plaintiff sued in mandate to compel the issuance of a building permit. Following a trial on an agreed statement of facts the trial court denied the application, basing its judgment on a written opinion which we quote in full and adopt as the opinion of this court, with minor editing. It follows:

"This is a proceeding in which plaintiffs seek a writ of mandamus to compel the defendant to issue a building permit.

"The matter was tried on an agreed statement of facts as modified by oral stipulation whereby it was agreed that certain portions of paragraph XXX of the agreed statement of facts be stricken and in lieu of the stricken matter it was stipulated that the particular business contemplated by plaintiffs would not be offensive to the persons surrounding it by virtue of noise, odor, increased traffic or public health or public safety.

"Plaintiffs are the owners of certain real property now situated in the city of Palo Alto. This property was formerly outside the boundaries of the city of Palo Alto at which time it was zoned so as to permit the construction of a shopping center, the use contemplated by plaintiffs. On May 2, 1947, plaintiffs' property was annexed to the city of Palo Alto. On May 12, 1947, an interim zoning ordinance was adopted by the city of Palo Alto permitting the use of plaintiff's property as a shopping center. The matter of rezoning the particular property came before the city council and city

planning commission numerous times between May 12, 1947, and January 15, 1948, on which latter date by emergency ordinance the property was rezoned as residential only. In the meantime and on January 12, 1948, plaintiffs made application to the defendant for a building permit which was not granted. On January 15, 1948, this present action was instituted.

"Plaintiffs contend first, the ordinance passed on January 15, 1948, limiting the use of plaintiffs' property to residential purposes, as applied to plaintiffs, is arbitrary, unconstitutional, discriminatory, and confiscatory and not a proper exercise of the police power, and second, that the city of Palo Alto is estopped from setting up the ordinance passed on January 15, 1948, as a defense in this action.

"1. Is the ordinance in question as applied to plaintiffs invalid?

"Upon the authorities hereafter referred to, this question is answered in the negative.

" 'The power to declare zoning ordinances unconstitutional only should be exercised where no substantial reason exists to support the determination of the city council. If the reasonableness of the ordinance is reasonably debatable the ordinance must be upheld. (*Zahn* v. *Board of Public Works,* 274 U.S. 325 [47 S.Ct. 594, 71 L.Ed. 1074].) The line between business and residential property must be drawn somewhere. The mere fact that business property is located across the street or even adjoining the residential property involved does not determine that the ordinance is invalid or discriminatory. (*Smith* v. *Collison,* 119 Cal.App. 180 [6 P.2d 277] ; *Feraut* v. *Sacramento,* 204 Cal. 687 [269 P. 537].) The fact that nearby business property has the same characteristics as the parcel involved in the proceeding does not justify the court in substituting its judgment for the legislative judgment. . . . Damage to petitioners' property by reason of being in a residential zone adjoining business property in no way affects the validity of the ordinance. Damage caused by the proper exercise of the police power is merely one of the prices an individual must pay as a member of society. The adaptability and suitability of petitioners' property for business purposes is not controlling—the best interests of the entire district is the controlling factor. (*Smith* v. *Collison, supra.*) Under these principles there can be but little doubt that the ordinance here involved represents a valid exercise of the police power.' (*Reynolds* v. *Barrett,* 12 Cal.2d 244, 249-250 [83 P.2d 29].)

" 'It is now settled beyond question that although a court may differ from the determination of the legislative body, unless a zoning measure is clearly oppressive, it will be deemed to be within the purview of the police power. There will always be difference of opinion as to the means of accomplishing a particular end, but if there is a reasonable basis for the belief that the establishment of a strictly residential district has substantial relation to the public health, safety, morals or general welfare, a zoning ordinance to accomplish that purpose will be upheld.

" 'It has been made possible by general judicial approval of the doctrine that zoning may properly take into consideration those factors which, although they may not be exactly defined as relating to public health, safety or morals, come under the broad terms of general welfare.

" 'Also, a zoning plan must be viewed as a whole and the court will not search out individual cases of discrimination or hardship. Moreover, it is not necessary, in order to sustain such legislation, to show that the public welfare demands the exclusion of business uses for each individual lot in the area zoned.' " (*Acker* v. *Baldwin,* 18 Cal.2d 341, 344-345 [115 P.2d 455].)

" 'The specific question here presented is whether the zoning ordinance, generally valid, is void as to respondent company, because of the facts shown by the record. Before respondent can succeed in its efforts to avoid the application of the ordinance to it, it must be held that it established that the ordinance is unreasonable as to it, in the face of a strong presumption to the contrary.'

" 'Of course, zoning ordinances, or ordinances excluding any commercial use, must be reasonable, and the use excluded must bear some reasonable relation to the public interest. But, as indicated from the above quotations, where reasonable minds may differ as to the propriety of the classification, the legislative determination is conclusive.' (*Sunny Slope Water Co.* v. *City of Pasadena,* 1 Cal.2d 87, 92, 94 [33 P.2d 672].)

" 'An examination of the California decisions discloses that the cases in which zoning ordinances have been held invalid and unreasonable as applied to particular property fall roughly into four categories: 1. Where the zoning ordinance attempts to exclude and prohibit existing and established uses or businesses that are not nuisances. (*Jones* v. *City of Los Angeles,* 211 Cal. 304 [295 P. 14] ; see *Biscay* v. *City of Burlingame,* 127 Cal.App. 213 [15 P.2d 784].) 2. Where the

restrictions create a monopoly. (*In re White,* 195 Cal. 516 [234 P. 396] ; *Wickham* v. *Becker,* 96 Cal.App. 443 [274 P. 397] ; *Andrews* v. *City of Piedmont,* 100 Cal.App. 700 [281 P.78].) 3. Where the use of adjacent property renders the land entirely unsuited to or unusable for the only purpose permitted by the ordinance. (*Skalko* v. *City of Sunnyvale,* 14 Cal.2d 213 [93 P.2d 93].) 4. Where a small parcel is restricted and given less rights than the surrounding property, as where a lot in the center of a business or commercial district is limited to use for residential purposes, thereby creating an ''island'' in the middle of a larger area devoted to other uses.' (*Wilkins* v. *City of San Bernardino,* 29 Cal. 2d 332, 340 [175 P.2d 542].)

''The instant case does not fall within any of the four categories referred to in *Wilkins* v. *San Bernardino, supra,* nor does it fall within the rule of decision in the case of *Lockard* v. *City of Los Angeles,* *(Cal.App.) [192 P.2d 110], in which it was held that if the use of property is so restricted that it can be said that the regulation amounts to a confiscation of the property, the restrictive ordinance is invalid and unconstitutional because the property is taken without due process of law. In that case the court held that since the property involved was suitable *only* for light manufacturing purposes, a zoning ordinance restricting its use to 'service type' commercial use was unreasonable and constituted the taking of plaintiffs' property without due process of law. It is not contended in the instant case that plaintiffs' property is suitable *only* for commercial purposes.

''Plaintiffs rely heavily on the case of *Dobbins* v. *Los Angeles,* 195 U.S. 223 [25 S.Ct. 18] 49 L.Ed. 169. The question involved in the Dobbins case was the sufficiency of the complaint to state a cause of action. As pointed out in *Marblehead Land Co.* v. *Los Angeles,* 36 F.2d 242, affirmed 47 F.2d 528, the complaint therein alleged not only that there was no change in conditions, but that the neighborhood was occupied by oil refineries and that the council enacted the second ordinance not for the purpose of protecting the people in the neighborhood, but for the purpose of granting a monopoly to another gas company operating in another district. The court held that the complaint stated a cause of action. The Dobbins case presents a situation coming within the fourth category referred to in *Wilkins* v. *San Bernardino, supra.* It might be

---

*A hearing was granted by the Supreme Court on June 21, 1948. The final opinion of that court is reported in 33 Cal.2d 453 [202 P.2d 38].

noted that in *Marblehead Land Co.* v. *Los Angeles, supra,* a writ of certiorari was denied by the Supreme Court, 284 U.S. 634 [52 S.Ct. 18], 76 L.Ed. 540.

"The case of *Vine* v. *Zabriskie,* 122 N.J.L. 4, 3 A.2d 886 also relied upon by plaintiffs can be distinguished from the instant case in that it was found as a fact that the property involved therein was not marketable for either single or two-family dwellings nor for business establishments. An ordinance zoning the property for business and apartment uses was amended prohibiting apartment uses after petitioner had applied for a permit to erect an apartment building. The court in such a factual situation held that the amending ordinance was an arbitrary interference with the lawful and legitimate use of private property. The court's comments on the manner in which the amending ordinance was adopted, while perhaps having a salutary effect on the legislative body, do not form the basis of its decision.

"In *Bernstein* v. *Smutz,* 83 Cal.App.2d 108 [188 P.2d 48], the court held plaintiffs' petition sufficient since it brought the case within the first, second, and perhaps the third category referred to in *Wilkins* v. *San Bernardino, supra.* The court in its opinion referred to the case of *Vine* v. *Zabriskie, supra,* but only insofar as the procedure followed in enacting the emergency ordinance was concerned.

"The fact that, as stipulated herein, the contemplated use of the property would not constitute a nuisance is not determinative of the question presented. The decisions of the courts of this state have recognized that the right to use private property may be restricted by an ordinance which follows a reasonable plan, even though the use is neither a nuisance *per se* nor a menace to health, safety, or morals in the particular district from which it is excluded. (*Jones* v. *City of Los Angeles,* 211 Cal. 304, 310 [295 P. 14].)

"2. Is the defendant estopped from setting up the ordinance passed on January 15, 1948, as a defense in this action?

"This question for the reasons hereafter stated is likewise answered in the negative.

"Plaintiffs have cited the case of *Pelham* v. *Switzer* [130 Misc. 545], 224 N.Y.S. 56 in support of their contention of estoppel. In that case petitioner, relying upon a permit issued to him to build an apartment house, paid a substantial sum of money on account of the purchase price of the property, had the land surveyed, employed the services of an architect and

expended about $1,000 in excavating. His original permit was then revoked, such revocation being predicated upon an amendment to the zoning ordinance. It was held that where a permit to build a building has been acted upon, and where the owner has proceeded to incur obligations and to in good faith proceed to erect the building, such rights are then vested property rights and the courts in such cases apply the remedy of mandamus to cancel the revocation and to reinstate the permit.

"In the instant case the permit was not issued and the following rule set forth in *Brougher* v. *Board of Public Works,* 205 Cal. 426, 434 [271 P. 487], is applicable, 'The exception noted in the foregoing authorities that a permit would not be revoked in those cases where the licensee "had done something under the license from which the mere privilege would ripen into a vested right," does not exist in those cases, like the one before us, where no permit has ever been issued. In such cases there is no opportunity for any privilege to ripen into a vested right, for the reason that no privilege, in the sense used in the authorities cited, is acquired until a permit has been issued.' (Also, *Sunny Slope Water Co.* v. *Pasadena, supra.*)

"The case of *Wheat* v. *Barrett,* 210 Cal. 193 [290 P. 1033] refers specifically to *Pelham* v. *Switzer, supra,* in the following language, (p. 199) 'We do not think the wording of the opinion justifies respondents' conclusion as stated in his [sic] brief that "the court held that where a permit had been secured and the owner had entered into contracts for the erection of the building, a subsequent zoning ordinance will not revoke the permit for the reason that a vested right had been secured." The conclusion of respondents drawn from the opinion, if correct, is against the weight of authority in other jurisdictions and is not the rule in this state.'

"The case of *Marblehead Land Co.* v. *Los Angeles,* 36 F. 2d 242, affirmed 47 F.2d 528, was an action in which plaintiff sought to enjoin defendant from enforcing a zoning ordinance by the terms of which oil well drilling operations were declared illegal in the zone wherein the land owned by plaintiff was located. Plaintiff's land had been excluded from a residence zone and plaintiff had expended substantial sums in preliminary work in connection with their project for oil development. Later the city repealed the ordinance excluding plaintiff's land from a residence district and enacted an ordinance reincorporating said land in the residence district. The court held that a zoning ordinance declaring oil

well operations illegal within a residence district which repealed a prior ordinance excepting such land from the district was valid and that there is no vested right in a permit or an ordinance by which the boundaries of the residential zone were changed to exclude plaintiff's property therefrom.

"The plaintiff in that case relied strongly upon the case of *Dobbins* v. *Los Angeles, supra,* as does plaintiff in the instant case. In conclusion the court said, (p. 534) 'The loss suffered by the appellants by reason of this change in legislative policy is no more a taking of their property than is the loss resulting to them by reason of being deprived of the right to develop the oil on their property or the right to use their land for other than residence purposes.'

"In the case of *O'Rourke* v. *Teeters,* 63 Cal.App.2d 349 [146 P.2d 983], it was held that the fact that a party makes a large investment in a city lot, which at the time it is purchased is free of restrictions, with intent to use it for business purposes, does not invalidate a zoning ordinance subsequently adopted restricting the use of the property to residential purposes.

"Also in *Brett* v. *Building Commissioner,* 250 Mass. 73, 145 N.E. 269, cited with approval in *Brougher* v. *Board of Public Works, supra,* it was held that the fact that owners of property in a zone in which two-family dwellings were allowed had obtained permits for the construction of such dwellings and had started some preliminary work and entered into contracts with third persons for the construction thereof did not render invalid or inapplicable as to them an amendment of the zoning ordinance creating a single family residence district in which their property was included."

It should be added in reference to the claim of estoppel that from the time of the enactment of the so-called "interim" zoning ordinance on May 12, 1947, to the time of its repeal on January 15, 1948, appellants had ample notice that the city council was not satisfied with the zoning and that plans for the repeal of the May ordinance were being continually discussed. If an application for a building permit accompanied by the proper plans and other data had been made during that interim there is no question but that appellants would have been entitled to the permit under the existing "interim" ordinance. But appellants waited until that ordinance was in process of repeal and filed their application too late to permit respondent to make necessary investigation regarding the plans of the building proposed to be erected. The evi-

dence fails to show the essential elements of an estoppel. (5 Cal.Jur. 10-Yr. Supp. (1944 Rev.) § 14, p. 586; Code Civ. Proc., § 1962, subd. 3; *Moss* v. *Underwriters' Report Inc.,* 12 Cal.2d 266, 273 [83 P.2d 503].)

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 21, 1949. Carter, J., and Schauer, J., voted for a hearing.