Supreme Court—Hand v. Nolan.

ROBERT E. HAND, PLAINTIFF, v. WILMER C. NOLAN, DEFENDANT.

Decided August 27, 1923.

**Bail in Civil Actions—Insufficiency of Affidavit—Filing of Proof and Order Before Capias Issued—Order Discharged.**

On application to set aside an order to hold to bail.

For the application, *Rudolph S. Ayers.*

*Contra, Samuel T. French.*

KATZENBACH, J.  This is an application to set aside an order of a Supreme Court commissioner that the defendant be held to bail in $2,500 in an action at law for the alienation of the affections of the wife of the plaintiff.  The Supreme Court commissioner merely endorsed the following upon the *capais,* "let the defendant be held to bail in the sum of $2,500."  The grounds urged to set aside the order are— *first,* insufficiency of the affidavit upon which the order is based, and *second,* that the proof and order were not filed in the clerk's office before the *capias ad respondendum* issued.

It was conceded at the argument that the order was made on August 1st, 1923.  It appears that the affidavit was not filed in the Supreme Court clerk's office until August 9th, 1923.

The action is one of tort.  The rule is that there must be an order to hold to bail by a judge or commissioner, but only upon proof by affidavit disclosing a cause of action and some special cause for ordering bail.  *Benson* v. *Bennett, 25 N. J. L.* 166.

Section 56 of the Practice act of 1903 provides that "no such order shall be made unless—first, such action is founded upon a seduction or an outrageous battery or mayhem; or second, such action is for the recovery of damages for the mis-

conduct or neglect of a public officer; or third, the proof establishes special cause as heretofore for holding the defendant to bail."

The present case is one where the proof should establish a special cause for holding the defendant to bail. Special reasons ordinarily cited are non-residence of the defendant, or facts and circumstances from which it may be inferred that the defendant may not be in the jurisdiction to answer to a judgment when rendered. *Hufty* v. *Wilson*, 78 *N. J. L.* 241. It was also held in this case "that the amendment of the statute (1903) in regard to the issuing of this writ in tort actions by using in such amendment the very language used in the statute long on our books concerning its issue in contract actions, will be construed in the same way that the provisions of the statute have been construed which relate to actions on contract." The reasons stated should amount to proof and should not be the conclusions of the affiant. Proof, it has been held, when used in a legislative enactment, means competent and legal evidence, testimony that conforms to the fundamental rules of proof, one of which excludes heresay evidence, however trustworthy the informant or however implicit may be the deponent's belief in the truth of what he has heard. *Inglis* v. *Schreiner*, 58 *Id.* 102; *Hufty* v. *Wilson, supra.*

An examination of the affidavit submitted to the commissioner with reference to the special reason for holding the defendant to bail reads as follows: "Deponent further says that he has heard and has good reasons to believe it to be true that the said defendant, Wilmer C. Nolan, who owns one of the best paying jitney bus businesses in the City of Camden, has negotiated a sale and has received two hundred ($200) dollars on account thereof, and that he contemplates selling his home at 930 Vine street, in the city and county of Camden aforesaid, and leaving for the west in order to avoid the answering of the aforesaid suit of this deponent.

"Deponent further says that unless the said defendant is held to bail and compelled to furnish such securities as may

seem proper, said defendant will absent himself out of this state and the jurisdiction of said court."

This affidavit does not show a reason for the belief of the plaintiff that the defendant will not be here unless bail be required. It is hearsay. It is merely a statement of the conclusion of the plaintiff without the averment of any facts from which the commissioner might have determined and adjudicated that the defendant was about to depart. In my opinion the affidavit is insufficient.

As to the second ground urged, namely, that the *capias ad respondendum* could not issue until the proofs and order of the commissioner were filed, I am of the opinion that the statute should be followed in this respect. The case of *Wert* v. *Strouse*, 38 *N. J. L.* 185, held that the affidavits need not be actually filed before the writ is issued and arrest made in actions of tort, but that it was otherwise in actions of contract. In view of the fact that this case was decided before the amendment to the statute in 1903, and the 1903 amendment has been construed to make the proceeding for the writ in tort actions similar to those in contract actions, I am of the opinion that the apparently mandatory provisions of the statute as to the filing of the proof and order before the issue of the *capias* should be followed. These views result in making an order that the order to hold to bail be set aside and that the defendant be discharged from arrest and that his bail be discharged, and that the action proceed as if commenced by summons.