This is a suit brought to secure an injunction against the defendant from proceeding with the erection of an apartment house in Maplewood. The theory is that the construction of such a building would violate a restriction which reads as follows: "Subject to existing restrictions if effective and statutory and municipal requirements relating to land and buildings."
First. The bill alleges on information and belief "that the grantors expressly intended to charge the land herein and therein above described with said provision as binding the grantee, its successors and assigns with the obligation to erect thereon only such buildings or building as complied with the township ordinances aforesaid." Affidavits are presented from the previous owner and the real estate broker who sold the property specifically denying this. Therefore, no preliminary injunction can issue. Ye Olde Staten Island Dyers, c., v. BarrettNephews, c., 98 N.J. Eq. 702.
 Second. In Kocher Trier's New Jersey Chancery Practice, p.1141 § 1590, it is stated:
"Allegations of fact on information and belief without giving the source of the information and the grounds of the belief and without the affidavit of any person having actual knowledge of the facts, are ordinarily insufficient whether contained in the bill or in the affidavits." *Page 469 
 Third. No privity of contract is shown between complainant and defendant. The only allegation showing the connection of Dickson with the situation is paragraph 8, which states:
"Complainant Dickson owns in fee the premises 37 Burnet street, Maplewood, immediately opposite the tract of land aforesaid, and both he and the township of Maplewood are beneficially interested in the enforcement of the restriction aforesaid and entitled to have its violation enjoined."
It is not shown how the defendant Dickson is beneficially interested. No facts are alleged which connect this complainant with the property in question. It is not shown that the premises were derived from a common predecessor in title. It is not shown that the imposition of this alleged restriction was made for the purpose of benefiting Dickson's property. It is not shown that he purchased this property with knowledge of or in consideration of said alleged restrictions. The mere fact that defendant Dickson would incidentally benefit if a restriction existed does not give him any standing in this court. He cannot seek to enforce the alleged restrictions against Margolis unless Margolis can enforce a similar restriction against him.
Fourth. The interest of the municipality is disposed of by the decision in the case of Pumo v. Fort Lee, 4 N.J. Mis. R.663. It was there held: "Whether the erection of this building would be a violation of the neighborhood restrictions is a matter of no concern to the municipality. The only parties interested in their existence or enforcement except the realtors, so far as the present case discloses, are the complainants in the chancery suit, who are seeking to enforce the alleged restrictions."
Fifth. The matter has already been disposed of by the court of errors and appeals. On March 3d 1927, a bill of complaint was filed in this court. Paragraph 4 of that bill of complaint contains the following statement:
"On or about April 5th, 1926, the Marlyn Realty Company, a corporation of the State of New Jersey, of which defendant, Max Margolis, was president, acquired said vacant tract by deed of Edward T. *Page 470 
Johnson and Hattie L., his wife, recorded in the office of the register of the county of Essex, April 29th, 1926, in book N 74 of deeds, page 4, which deed contained among other things the following: `Subject to existing restrictions if effective and statutory and municipal requirements relating to land and buildings,' and as part consideration therefor executed and delivered to said Johnson and wife a mortgage covering said premises, containing the same precise words, in both instances following the description of the property in said instruments."
And the bill of complaint prayed that an injunction might issue restraining the said Max Margolis from in any way erecting the so-called apartment house. In the zoning case, the question of this alleged restriction was brought in and discussed in the briefs and disposed of by the supreme court decision. Although mentioned in detail in the bill of complaint, the same was dismissed by a decree of dismissal filed April 6th, 1927. The court of errors and appeals confirmed the dismissal.
For these reasons I will advise a decree dismissing the bill.