HERMAN H. BAYERL AND JOSEPHINE F. BAYERL, PLAINTIFFS-RESPONDENTS, v. SARAH D. SMYTH, DEFENDANT-APPELLANT.

Submitted October 30, 1936—Decided January 22, 1937.

For the plaintiffs-respondents, *Richard Doherty.*

For the defendant-appellant, *Allan Benny* and *Andrew J. Markey.*

The opinion of the court was delivered by

WOLFSKEIL, J.  Plaintiffs sued for alleged negligence of the defendant in the making and reporting upon a search against the title to property which they were acquiring through the medium of an exchange of real estate.  The alleged negligence was the failure to report a judgment which was a lien against the property.  There was judgment for the plaintiffs and defendant appeals.

The material facts in evidence were as follows:  On February 5th, 1930, the plaintiffs entered into an agreement with Frank Convertini and Ethel Convertini to exchange real estate owned by them at West New York for real estate owned by the Convertinis at Riverside, New Jersey.  The agreed appraisal of plaintiffs' property was $35,000, and the appraisal of the Convertini property was $29,000.  The encumbrances against both were scheduled so that each parcel showed an equity of $12,000.  The defendant, an attorney-at-law, was engaged by the plaintiffs to search the title.

On February 24th plaintiffs attended at the office of the defendant and the title was then closed.  At that time the defendant reported that the only encumbrances against the Convertini property were the liens set out in the exchange agreement and also a judgment obtained against the Convertinis by George F. Losche amounting to $243.83 for which, seemingly, an allowance was later made by the parties.  The agreement for the exchange of real estate was thereupon fully completed by the delivery of both deeds and the deeds were left with the defendant for recording.

On February 26th the defendant telephoned to the plaintiff Herman H. Bayerl that a report of search from the Supreme Court clerk had just been received and that it showed another judgment against Frank Convertini for $768.58.  Plaintiffs then consulted counsel who advised them to demand and procure their deed from the defendant and have it recorded, which was done.

Among the agreed liens against the Convertini property was a past due mortgage held by Reverend John N. Grieff, for whom the defendant for many years had been solicitor. Seventeen days after the closing of title the plaintiffs were

served with subpœnas in a foreclosure suit brought by defendant as solicitor of this mortgagee, the outcome of which was that the plaintiffs "lost the property."

The jury returned a verdict for the plaintiffs and assessed the damages at $773.38, being the amount of the judgment which the defendant neglected to report at the closing of title, together with accrued interest.

Appellant assigns eleven grounds for reversal, none of which contains any averment of error except the last, which is that the court refused to direct a verdict for the defendant. That ground only will be considered on this appeal.

The motion for directed verdict, as submitted, was based on the argument that a vendee for whom a searcher makes a negligent examination and a false report, as a matter of law and upon a conception of contributory negligence (or waiver) forfeits his right of recovery by recording the deed, if the same has not been recorded prior to the discovery of the negligence. No authorities are cited to sustain the view that such *ex post facto* conduct invalidates a fully matured right of action, nor that the recording of an instrument, giving notice to third parties, carries with it any such impairment of the obligation that grew out of a searcher's implied undertaking to use care. The plaintiffs, in recording the deed, merely acted on the advice of reputable counsel who had informed them that the recording would be a measure whereby they would preserve, and not sacrifice, their rights in the premises. In her brief, under point V, the appellant advances the supplementary argument that verdict should have been directed because the respondents took no action against Convertini within the statutory period in which they might have charged him with fraud or brought an action for fraud against him. This was not submitted as a ground below and is not material. It had no relation whatever to the appellant's alleged negligence in making the search and failure to report the judgment.

The second ground upon which the motion was based was that the plaintiffs had failed to prove actual damages. The argument of appellant under her point IV is an adequate disparagement of this ground, conceding, as it does, the elementary rule that, upon proof of legal injury, the plaintiffs

were entitled to a verdict for at least nominal damages. The appellant made no request for instructions relative to nominal damages at the trial, but instead asked for an outright direction on the contention that no actual damages were shown. That there were actual damages to the amount of the verdict appears to have been sufficiently shown. The parties, to the knowledge of the appellant, had agreed to an appraisal and schedule of specific encumbrances which would insure to each an equity of $12,000, and was calculated on the basis of relating the encumbrances to the agreed appraisals. It was a reasonable inference, therefore, that the failure to discover and report an additional encumbrance would reduce the value of the respondents' equity and deprive them of an advantage for which they had contracted. This fact would be as demonstrative of actual loss as would have been proof that the respondents were compelled to pay off the judgment.

An attorney employed to examine the title to real property must exercise reasonable care and skill in the matter, and the failure to do so is negligence for which he will be liable to his client in damages. *Jacobsen* v. *Peterson,* 91 *N. J. L.* 404: *Ibid.,* 92 *Id.* 631; *McCullough* v. *Sullivan,* 102 *Id.* 384: 5 *A. L. R.* 1389. The measure of damages due from an attorney to his client for negligence in passing as clear a title encumbered with liens is the amount necessary to pay off the liens. And even if the client sells the property at a higher price than he paid for it, including the amount of a judgment negligently overlooked by his attorney, such fact will not save the attorney from liability to his client for the amount of the judgment. *Jacobsen* v. *Peterson, supra;* 5 *A. L. R.* 1394.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.