[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 381 
Motions are made on behalf of the defendants John H. Coyne, executor of the estate of Peter *Page 382 
Coyne, deceased, Samuel Galinsky, and Arthur A. Wolpin to strike out the alleged causes of action against them respectively in that such allegations are insufficient in law. Since the motions are accompanied by affidavits, the motions will be regarded as applications for summary judgments. Rule 3:12-2.
Unless the allegations of mutual mistake or unilateral mistake proximately occasioned by the elements of misrepresentation are made evident, I am unable to perceive any cause of action for legal or equitable relief against the defendants Coyne and Galinsky.
The averments of mutual mistake and of material misrepresentations are not supported by the affidavit of the plaintiff. The defendant Galinsky is specific in his denials. Moreover he discloses that the plaintiffs did not rely upon any representation by him, but to the contrary caused a title search and a survey of the premises to be made. It is not evident that Galinsky was aware of any encumbrances or encroachments with respect to lot No. 13, and that he demonstrated the delineations of the property to the plaintiffs, as alleged but not now verified. The Galinsky deed of conveyance to the plaintiffs was one of bargain and sale, without covenants or warranties. Neither Coyne nor Galinsky have title to the strip of land in controversy, and a judgment of reformation of the conveyance would be vain and futile.
The alleged cause of action against the defendant Arthur A. Wolpin is contained in the amended second count of the plaintiff's complaint. Mr. Wolpin is an attorney and counsellor-at-law of this State who was engaged by the plaintiffs to examine the record title and to procure for them a survey of the premises preliminary to the consummation of the conveyance. It is charged that he is culpable in that he failed and neglected to obtain an accurate survey.
It will be expedient to quote the following paragraphs of Mr. Wolpin's affidavit:
"2. Prior to September 1, 1945, I was retained by the plaintiffs to make a title search of the premises known as Lot 13 on Block 12 of the Map of South Amboy, New Jersey. *Page 383 
"3. I carefully and diligently examined the record title of said premises and furnished the plaintiffs with an abstract of title certified by me to be a true copy of the record title as it existed in the Middlesex County Clerk's Office, the United States District Court, the New Jersey Supreme Court and the Tax Collectors Office of the City of South Amboy, New Jersey.
"4. I furnished plaintiffs with an accurate abstract of said title certified by me and expressly subject to such state of facts as an accurate survey would disclose.
"5. Acting for, and in behalf of, the plaintiffs I did obtain a survey from Morgan F. Larson, a duly licensed and practicing civil engineer and surveyor of the State of New Jersey.
"6. In selecting said Morgan F. Larson to survey said premises I did rely upon the excellent reputation for accuracy and professional skill as well as upon the high personal integrity enjoyed by said Morgan F. Larson.
"7. The plaintiffs well knew at that time that I was a practicing attorney at law of the State of New Jersey; that I am not, nor have I ever held myself to be a civil engineer or surveyor.
"8. I examined the survey made by said Morgan F. Larson and said survey showed no encumbrance or encroachment thereon, whereupon I did deliver the same to the plaintiffs.
"9. The plaintiffs at that time knew that the said Morgan F. Larson was to make the survey of said premises, and did not at that time or at any time, subsequent thereto, raise any objection to the employment of his services in their behalf."
The substance of the foregoing affidavit remains uncontroverted. The plaintiff Mr. Toth indicates that he has "been informed" (by whom is not divulged) that the survey was not made on his behalf at the request of his attorney, Mr. Wolpin, but "for another party," and that consequently he "may have no recourse" against the surveyor.
Assertions of fact on information and belief without revealing the source of the information and the grounds of belief, and without the affidavit of any person having actual knowledge of the facts, are not efficacious in affidavits presented on applications for summary judgment. Township of Maplewood v.Margolis, 102 N.J. Eq. 467, 141 A. 564; affirmed,104 N.J. Eq. 207, 144 A. 715; Union County Savings Bank v.Kolpenitsky, 125 N.J. Eq. 125, 4 A.2d 413; In re Kuser,132 N.J. Eq. 260, 269, 26 A.2d 688; Hand v. Nolan,1 N.J. Misc. 428, 136 A. 430. *Page 384 
But why should the plaintiffs feel vanquished by that information? There was apparently either a contract between the plaintiffs and the surveyor made through the agency of the attorney for the plaintiffs, or perhaps an agreement of like employment between the attorney and the surveyor made for the benefit of the plaintiffs. Anent that branch of the case I express no present opinion. Vide, Economy B. L. Ass'n v. WestJersey Title Co., 64 N.J.L. 27, 44 A. 854. See, however,Styles v. Long Co., 70 N.J.L. 301, 57 A. 448; Herbert v.Corby, 124 N.J.L. 249, 11 A.2d 240; affirmed, 125 N.J.L. 502, 17 A.2d 541; 34 A.L.R. 67.
It ought to be immediately acknowledged that it is the duty of an attorney who is retained to examine the title to real estate to make a reasonably diligent and zealous investigation of the public records and to impart to his client all of the observable defects, deficiencies, and imperfections of the title. In this pursuit he is under a professional duty to exercise ordinary care, knowledge, and skill. Economy B. L. Ass'n v. West JerseyTitle Co., supra; Jacobsen v. Peterson, 91 N.J.L. 404, 103 A. 983; affirmed, 92 N.J.L. 631, 105 A. 894; Bayerl v.Smyth, 117 N.J.L. 412, 189 A. 93; Sullivan v. Stout,120 N.J.L. 304, 199 A. 1; 5 A.L.R. 1389. Cf. McCullough v.Sullivan, 102 N.J.L. 381, 132 A. 102; Mezzaluna v. JerseyMtge., etc., Co., 109 N.J.L. 340, 162 A. 743.
In the rendition of such services there is no implied duty imposed upon the attorney to use personally a theodolitic transit to discover the terrestrial characteristics of the property. The latter performance belongs to another profession. See R.S.
45:8-27, N.J.S.A. And so, as here, attorneys uniformly declare in their certificates that their opinions concerning the record title are "subject to such state of facts as an accurate survey would disclose."
It is not here alleged that this defendant was negligent in his inspection of the records or that his report of the record title to the premises was erroneous. Nor is it evident that this defendant in acting for the plaintiffs failed to exercise reasonable care and precaution in the selection of a competent *Page 385 
surveyor, even assuming a duty so to do. Assuredly, this defendant did not expressly agree to warrant the precision and accuracy of the survey. Cf. McCullough v. Sullivan, supra;Sullivan v. Stout, supra (on p. 308).
The conclusion is that summary judgments of no cause of action should be entered in favor of the defendants Coyne, Galinsky, and Wolpin.