COSTA BEBE *et al. vs.* LEON TONDRE *et al.*

JULY 12, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is an action of assumpsit based upon a mortgage note given jointly by Leon Tondre and his wife Martha to Costa Bebe and his wife Eva. The defendants pleaded the general issue, filed a plea in set-off and counter-claim, and a special plea of usury. The case was tried before a justice of the superior court, sitting without a jury, who rendered a decision for the plaintiff Eva Bebe against defendant Martha Tondre. The defendant Martha is the only one who has prosecuted a bill of exceptions to this court and her only exception is to the decision.

The mortgage was on the building in which Leon Tondre conducted his business. Subsequent to the giving of the note, Leon being in financial difficulties entered into an agreement with plaintiff Costa and Lodie Brien for the formation of a corporation to which Leon's business assets and liabilities were to be transferred and the stock was to be issued to the three men. The corporation was formed and the stock was issued. On cross-examination Costa was

asked if by the agreement Leon's liabilities were to be taken over by the corporation in return for his turning over all his accounts receivable and the building to the corporation and his answer was: "That's right." As this note was one of Leon Tondre's liabilities the trial justice was warranted in holding that this debt was assumed by the corporation and that it was discharged by the agreement. He held, however, that because the wives were not parties to the agreement their rights and liability on the note were not affected by it and consequently he gave judgment for plaintiff Eva against defendant Martha for the amount of the note with interest.

Martha contends that the agreement, which both parties call an accord and satisfaction, discharged her. Eva Bebe argues before us that a note ordinarily cannot be discharged by anything but money. General laws 1938, chapter 455, §125, provides that a negotiable instrument may be discharged by any act which discharges simple contracts for the payment of money.

Eva Bebe's final position is that the discharge of Leon Tondre did not discharge Martha Tondre. In this she is in error. See 1 C. J. S. Accord and Satisfaction §§14, 15, p. 484, and 8 Am. Jur., Bills and Notes, §§783, 784, pp. 438, 439.

The defendant Martha Tondre's exception to the decision is sustained and the decision against her is reversed. On October 7, 1957 the plaintiff Eva Bebe may appear before this court and show cause, if any she has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant Martha Tondre in accordance with this opinion.

FLYNN, C. J., did not participate in the decision.

*Ovila Lambert, Matthew Koly,* for plaintiffs.

*Edward F. Dwyer, Irving I. Zimmerman,* for defendants.