# Fioretti v. Pastore, Inc.

*George M. Schroeck,* for plaintiffs.
*Charles K. Moffatt,* for township.
*Richard A. Levick* and *Paul F. Curry,* for Pastore, Inc.

ANTHONY, *J.,* March 20, 1980—Plaintiffs, James and Edna Jeanne Fioretti, are the owners of a tract of land located in Millcreek Township. They have filed this action to recover for an alleged encroachment upon an easement over land adjacent to that of plaintiffs. The Township of Millcreek has been joined as a defendant on the theory that the township's negligence in approving a subdivision plan for the land adjacent to that of plaintiffs was the cause of the encroachment upon plaintiffs' easement. The township has filed a motion for judgment on the pleadings, Pa.R.C.P. 1034, on the ground that the complaint fails to state a cause of action against the township. The township bases this argument on the premise that it had no duty to protect plaintiffs' easement from encroachment.

It is well established that a motion for judgment on the pleadings is solely a challenge to the legal sufficiency of the pleadings. "Judgment may be

entered on the pleadings only in the clearest of cases, when trial would be a fruitless exercise. Bata v. Central-Penn National Bank of Philadelphia, 423 Pa. 373, 224 A. 2d 174 (1966), cert. denied, 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed. 2d 433 (1967). When considering a motion for judgment on the pleadings a court must limit its review of the facts to those appearing in the pleadings themselves. Johnson v. United School District Joint School Board, 201 Pa. Super. 375, 191 A. 2d 897 (1963)." Puleo v. Broad Street Hospital, _____ Pa. Superior Ct. _____, 407 A. 2d 394, 396 (1979). Plaintiffs argue that the issue presently before the court was disposed of by the court's ruling on defendant's preliminary objections. The court, however, ruled that the present issue was not properly raised in defendant's preliminary objections. Not having previously considered the present issue on the merits, the court is obligated to do so at this point: 2 Goodrich-Amram 2d § 1034(a):(2).

Neither the parties to this action nor the court have been able to find authority dealing with the specific issue involved, i.e., may a township be held liable for damages allegedly incurred because of the negligence of the township in approving a subdivision plan which encroaches upon an easement of an adjoining owner? That authority, which can be found in other areas however, compels a decision in favor of the township.

Our Supreme Court has stated that "'the use and ownership of property are distinct and separate:' Wanamaker v. Philadelphia School District, 441 Pa. 567, 572, 274 A. 2d 524, 526 (1971)," quoted in Goldstein v. Upper Merion Twp., 44 Pa. Commonwealth Ct. 201, 204, 403 A. 2d 211, 213 (1979). This principle has been applied by the Supreme Court in

Yokum Zoning Case, 393 Pa. 148, 141 A. 2d 601 (1958), and Michener Appeal, 382 Pa. 401, 115 A. 2d 367 (1955). In Michener the lower court affirmed the refusal of a Township Board of Adjustment to grant a variance. The lower court based its decision on the existence of restrictions in the applicant's deed of title which prohibited the proposed use of the property. The Supreme Court held that this was not a valid reason to deny a variance:

"The reason thus assigned for the court's decision was not a valid one. Zoning laws are enacted under the police power in the interest of public health, safety and welfare; they have no concern whatever with building or use restrictions contained in instruments of title and which are created merely by private contracts. If these applicants were to succeed in obtaining a variance relieving them from the restrictions of the zoning ordinance they would still be subject to the restrictions contained in their deeds, but the enforcement of those restrictions could be sought only in proceedings in equity in which the grantors, their representatives, heirs and assigns, would be the moving parties. As is well said in Bassett on 'Zoning,' (ch. 9, pp 184-187): 'Contracts have no place in a zoning plan. Zoning, if accomplished at all, must be accomplished under the police power. It is a form of regulation for community welfare. Contracts between property owners or between a municipality and a property owner should not enter into the enforcement of zoning regulations. . . . The municipal authorities enforcing the zoning regulations have nothing whatever to do with private restrictions. Zoning regulations and private restrictions do not affect each other. . . . It is obvious that the zoning and the private restric-

tions are unrelated. One is based on the police power, the other on a contract. The municipality enforces the former by refusing a building permit or ousting a nonconforming use. A neighbor having privity of title enforces the latter by injunction or an action for damages. . . . Courts in trying a zoning case will ordinarily exclude evidence of private restrictions, and in trying a private restriction case will exclude evidence of the zoning. This is done on the grounds of immateriality.'

"The fact that there were building restrictions in the deeds was wholly irrelevant in the appeal before the court on the question whether a variance should have been granted by the Board under the zoning ordinance. The private parties who alone possessed the right to enforce those restrictions were not before the court. It might be that they would never seek such enforcement, or that for some reason they had waived or lost their right so to do, or that, because of neighborhood changes or because the restrictions had ceased to be of advantage to the covenantees, the restriction would no longer have been enforceable. Accordingly it has been uniformly held that any consideration of building restrictions placed upon the property by private contract has no place in proceedings under the zoning laws for a building permit or a variance: Pumo v. Mayor and Council of Fort Lee, 4 N.J. Misc.R. 663; 134 A. 2d 122; Green v. Jones, 5 N.J. Misc.R. 188, 135 A. 802; Maplewood Township v. Margolis, 102 N.J. Eq. 467, 141 A. 564; 104 N.J. Eq. 207, 144 A. 715; Gulf Refining Co. v. City of Dallas, 10 S.W. 2d 151 (Tex. Civ. App.); Oklahoma City v. Harris, 191 Okla. 125, 126 P. 2d 988, O'Rourke v. Teeters, 63 Cal. App. 2d, 349, 146 P. 2d 983. See also Schleifer v. Zoning Board of

Adjustment, 374 Pa. 277, 97 A. 2d 782." Id. at 404-05, 115 A. 2d at 369-70 (footnote omitted).

In the Yocum case, supra, the Supreme Court applied the Michener case to conclude that a Board of Adjustment should not be concerned with private use restrictions when deciding upon an application for a building permit.

Although Michener dealt with an application for a variance and Yocum with an application for a building permit, the point of those cases is equally applicable here. The considerations which govern the grant or denial of approval to a subdivision plan are considerations of usage, not of ownership. There are several reasons for this limitation on the authority of municipal zoning boards. First, they often do not have all interested parties before them. Second, the stability of property interests could be adversely affected by conflicting decisions from zoning authorities and courts of common pleas. Third, if zoning authorities were required to protect property interests, the efficient use of property could be frustrated by the existence of easements and restrictions which those benefited thereby do not wish to enforce. These considerations support the conclusion that municipal bodies have no authority to refuse approval of a subdivision plan because of the effect which the plan could have upon a private easement. If the subdivision plan conforms to the requirements of the zoning laws, the municipality has no discretion to refuse the plan on the ground that approval could lead to an encroachment upon a private easement. It follows, a fortiori, that a municipality has no duty to protect the property interests of those affected by a subdivision plan.

504

For the foregoing reasons, the court enters the following

ORDER

And now, March 20, 1980, it is hereby ordered and decreed that the motion for judgment on the pleadings of defendant, Millcreek Township, is granted and that the complaint is dismissed to the extent that it alleges a cause of action against defendant, Millcreek Township.