531 A.2d 690

Frances M. MARCUS

v.

Daniel H. BATHON, et al.

No. 22, Sept. Term, 1987.

Court of Special Appeals of Maryland.

Oct. 7, 1987.

476

Franklin S. Tyng, Bel Air, for appellant.

John H. Bolgiano (Smith, Somerville & Case, on the brief), Baltimore, for appellee, Norman Wilson, Jr.

Christopher J. Eastridge (Daniel H. Bathon, P.A., on the brief), Elkton, for appellees, Daniel H. Bathon, et al.

Argued before WILNER, KARWACKI, and ROBERT M. BELL, JJ.

KARWACKI, Judge.

Frances M. Marcus, the appellant, brought suit in the Circuit Court for Cecil County for damages against the appellees Daniel H. Bathon, Philip S. Bathon, Bernard Neil Bathon, and G. Howard Bathon, resulting from her purchase from the Bathons of a parcel of waterfront property located in Cecil County. The appellant also asserted a malpractice claim in that action against her former attorney, the appellee H. Norman Wilson, Jr., for his alleged negligence in examining the title to this property and in representing her at the settlement on this transaction. In the first count of her original complaint, the appellant alleged that the Bathons fraudulently misrepresented the quantity of land of the parcel that they sold her. In the second count, the appellant alleged, in the alternative, that her payment of the contract price was induced by a mutual mistake of fact by the parties as to the quantity of land being conveyed. Counts three, four, and five alleged that the appellee Wilson negligently breached his contract of

employment by the appellant, and acted with willful and wanton misconduct in performing legal services for the appellant.

Both Wilson and the Bathons answered the complaint and filed motions for summary judgment pursuant to Rule 2–501. The appellees also filed third-party complaints against the surveyor that prepared a survey plat of the property, and Wilson filed a cross-claim against the Bathons. The appellant then amended her complaint, adding three counts which alleged that the appellees Bathon breached the covenants against encumbrances, of special warranty, and of further assurances contained in their deed conveying the property to her. The Bathons moved to strike and/or dismiss each of these amended counts.

After a hearing, Judge James Owen Wise granted the appellees' motions for summary judgment. He also granted Bathons' motion to dismiss the counts added by the appellant's amended complaint. Judgments were entered in favor of all appellees from which this appeal was filed.

In this Court, the appellant asserts that summary judgment was erroneously entered against her: (1) on her claim against the Bathons based on their alleged fraudulent misrepresentation, (2) on her claim for damages representing an abatement of the purchase price she paid the Bathons based upon their mutual mistake as to the quantity of land being conveyed, and (3) on her malpractice claim against Wilson. Finally, the appellant asserts that (4) the counts of her amended complaint which allege a breach of the covenants contained in her deed stated claims upon which relief could be granted and should not have been dismissed under Rule 2–322.

Our review of the summary judgments appealed from is limited to a determination of whether undisputed material facts set forth in the "pleadings, depositions, answers to interrogatories, admissions and affidavits" filed in the proceedings established that the appellees were not liable to the appellant. Rule 2–501; *Berkey v. Delia,* 287 Md. 302,

304-05, 413 A.2d 170 (1980); *Hughley v. McDermott*, 72 Md.App. 391, 393-95, 530 A.2d 13 (1987). Therefore, viewing the record before the hearing judge in a light most favorable to the appellant, we will recount the undisputed facts material to this controversy.

As trustees under the Last Will and Testament of Nancy M. Bathon, deceased, the appellees Bathon listed certain real estate known as "Timber Point" for sale with Mason-Dixon Realty of Rising Sun. That realtor in turn retained the services of a registered surveyor, APR Associates, Inc., on behalf of the appellees Bathon, to survey, subdivide and prepare a survey plat of the portion of "Timber Point" that the Bathons intended to offer for sale. That plat depicted a metes and bounds layout of the property, and a representation that the area bounded by the metes and bounds set forth consisted of 5.9455 acres.

Robert Burkheimer, a sub-agent of Mason-Dixon Realty, subsequently approached the appellant with an invitation to purchase the property which he represented as a six acre parcel. When the appellant and Burkheimer inspected the property together, Burkheimer used the plat prepared by APR Associates to describe the dimensions of the property since survey stakes outlining the boundaries of the property had not yet been put in place.

On June 15, 1982, the appellant signed a contract for the purchase of the property, in part because of Burkheimer's representation of the number of acres in the parcel. The contract described the property as "containing 5.9455 acres, more or less," and the appellant signed the contract without questioning this language. She was told that the survey stakes of the property's boundaries would be in place prior to settlement.

Appellant retained appellee Wilson to examine the title to the property and to conduct settlement on the sale. Mr. Wilson incorporated the metes and bounds description of the surveyor's report into the deed he prepared for execution by the appellees Bathon. The deed recited that the

parcel contained 5.9455 acres "more or less," as represented in the report. It concluded with covenants against encumbrances, of special warranty, and of further assurances. At settlement, on August 2, 1982, when the appellant asked for an explanation of the phrase "more or less," Mr. Wilson assured her that she would receive approximately six acres. The survey stakes still had not been placed on the property, and the appellant was once again told that they would be put in place shortly. The deed was then executed.

Approximately one year after the date of settlement, engineers employed by the State of Maryland advised the Bathons that the property which they had conveyed to the appellant in fact contained 4.944 rather than 5.9455 acres. The Bathons apprised the surveyor of this mistake, and the surveyor issued a revised plat dated June 15, 1983 which correctly represented the area within the metes and bounds as 4.944 acres. On December 2, 1983, the Bathons recorded a confirmatory deed of the property to the appellant which contained the same metes and bounds description of the property found in the original deed, but corrected the representation of the acreage conveyed to "4.944 acres, more or less." Thereafter, Mr. Wilson informed the appellant of the surveyor's mistake in the calculation of acreage of the property she had purchased.

### *Deceit*

■ In the first count of her complaint, appellant alleges that the Bathons, through their agent, Robert Burkheimer, fraudulently misrepresented the acreage of the property sold to the appellant. The elements of the tort of deceit are:

> (1) that a representation made by the defendant was false; (2) that either its falsity was known to the defendant or the misrepresentation was made with such reckless indifference to truth as to impute knowledge to him; (3) that the misrepresentation was made for the purpose of defrauding the plaintiff; (4) that the plaintiff not only relied upon the misrepresentation but had the right to

rely upon it with full belief in its truth, and that he would not have done the thing from which damage resulted if it had not been made; and (5) that the plaintiff suffered damage directly resulting from the misrepresentation. *Martens Chevrolet, Inc. v. Seney,* 292 Md. 328, 333, 439 A.2d 534 (1982); *Gittings v. Von Dorn,* 136 Md. 10, 15–16, 109 A. 553 (1920); *University Nursing Home, Inc. v. R.B. Brown & Associates, Inc.,* 67 Md.App. 48, 51, 506 A.2d 268 (1986). The critical element of the tort of deceit that distinguishes it from others arising from false representation is scienter on the part of the defendant—intent to deceive the other party. *Martens Chevrolet, Inc. v. Seney, supra,* 292 Md. at 333, 439 A.2d 534.

The appellees Bathon did not offer the property in question for sale until it had been surveyed by APR Associates, Inc., a registered surveyor. When he told the appellant that the irregularly shaped parcel of land consisted of approximately six acres, Burkheimer relied upon the surveyor's computation of the acreage contained within the boundaries of the property accurately depicted on the plat it had prepared. Mr. Burkheimer did not know that this figure was incorrect, and had no reason to doubt the calculations of a professional surveying company. The appellees Bathon did not become aware of the miscalculation of the acreage of the parcel until they were contacted by engineers for the State of Maryland approximately one year after settlement. Because neither the appellees Bathon nor their agent, Burkheimer, knew that this representation of quantity was incorrect at the time it was made, and had no reason to question its accuracy, the trial court properly granted summary judgment in favor of the Bathons in the deceit action.

### Mistake of Fact

As an alternative to her deceit action against the Bathons, the appellant seeks a refund of part of the purchase price she paid for the property, alleging that her payment of the contract price was induced by a mistake of fact by

the parties as to the quantity of land being conveyed to her. She argues that the sale of the property was intended by the parties to be a sale by the acre, and not a sale in gross, and she is therefore entitled to an abatement in the purchase price.

The characterization of a sale of property as a sale "in gross" depends upon the facts and circumstances of each case. *Witmer v. Bloom,* 265 Md. 173, 180, 288 A.2d 323 (1972). The use of the term "more or less" is a strong indication that the number of acres is not of the essence of the contract, but this presumption can be rebutted by other evidence. *Witmer v. Bloom, supra,* 265 Md. at 180, 288 A.2d 323, *Goettee v. Steele,* 71 Md.App. 520, 526, 526 A.2d 626 (1987). In *Witmer v. Bloom, supra,* the Court of Appeals held that a contract for the sale of property made subject to a later survey was a sale by the acre, despite the recitation in the contract that the property contained a certain number of acres followed by the language "more or less." But the Court also pointed out that the property in dispute in *Witmer* "was not conveyed by definite boundaries." *Id.* 265 Md. at 180, 288 A.2d 323. Unlike the property in *Witmer,* the disputed parcel in the instant case *was* conveyed to the appellant Marcus by a metes and bounds description.

In *Neavitt v. Lightner,* 155 Md. 365, 142 A. 109 (1928), the Court of Appeals explained the consequence of a conveyance of land by a metes and bounds description. In that case, both the contract for the sale of a certain property and the deed subsequently executed and delivered to the vendee stated that the property contained "220 acres of land, more or less." *Id.* at 367, 142 A. 109. A subsequent survey of the property established that the correct area of the tract was 179½ acres. *Id.* at 368, 142 A. 109. The vendee then sought relief for an alleged misrepresentation in the quantity of land more than five years after the contract had been fully executed. *Id.* at 369, 142 A. 109. The Court of Appeals stated the applicable rule:

In the description of land it is usual, after the description by metes and bounds or subdivisions, to add a clause stating that the land described contained so many acres. But unless there is an express covenant that there is the quantity mentioned, the clause as to quantity is considered simply as a part of the description, and will be rejected if it is inconsistent with the actual area, when the same is capable of being ascertained by monuments and boundaries. The mention of the quantity of land conveyed may aid in defining the premises, but it cannot control the rest of the description.

*Id.* at 375, 376, 142 A. 109 (quoting *Devlin on Real Estate* 3rd Ed., § 1045–46).

■ When land sold by metes and bounds or by any other definite description is estimated to contain a specified quantity qualified by the words "more or less," the statement of quantity is construed as a matter of description, and not of the essence of the contract. *Wagner v. Bing,* 163 Md. 496, 501, 163 A. 199 (1932), *Jenkins v. Bolgiano,* 53 Md. 407, 421 (1879) (citing 4 *Kent, Comm.* 11th Ed. 467). *See* 1 A.L.R.2d § 18 for a compilation of cases in accord with this proposition. In this situation, the sale is considered to be a sale in gross, and in the absence of fraud, the buyer assumes the risk of a deficiency in quantity.

■ In purchasing the property, the appellant relied on a survey plat that contained *both* a correct metes and bounds description of the parcel *and* an incorrect representation of the acreage of the parcel. The deed that she received from the Bathons similarly incorporated the metes and bounds description of the property contained in the surveyor's report. The parcel which the appellant was purchasing possessed very irregular boundaries. The metes and bounds description of the parcel consists of 29 separate courses and distances. Although the calculation of the acreage *within* the metes and bounds later proved to be incorrect, the parties understood that the sale involved a

specific parcel of land described by its metes and bounds. The appellant got exactly what she bargained for.

■ Consequently, the hearing court properly granted summary judgment for the Bathons on appellant's legal claim for damages. The appellant took possession of the property after settlement and made no complaint as to the quantity of land it contained until she learned one year later of the surveyor's miscalculation of the parcel's acreage. *Goettee v. Steele, supra,* is inapposite to the instant case. In that specific performance action we held that a vendor of unimproved commercial property was entitled to rescind a sale in gross where there was an extreme variation between the estimated square footage in the contract and the actual area of the property sold (16,000 sq. ft. recited in contract as opposed to actual size of 22,047 sq. ft.). We also relied on the facts that the vendor was a fiduciary and that one of the vendees had knowledge of the actual size of the lot when the contract was executed.

### Covenants in Deed

In the counts added by her amended complaint, the appellant alleges that the Bathons breached their covenants against encumbrances, of special warranty, and further assurances when they failed to convey the quantity of acreage mistakenly represented in her deed. The appellant relies on a similar claim made by a purchaser of property in *Canatella v. Davis,* 264 Md. 190, 286 A.2d 122 (1972), and the broad statements concerning the effect of each of these covenants contained in Maryland Code (1974, 1981 Repl. Vol.), § 2–106, § 2–110, and § 2–112 of the Real Property Article.[1]

---

1. § 2–106. Effect of special warranty.

A covenant by a grantor in a deed, "that he will warrant specially the property hereby granted," has the same effect as if the grantor had covenanted that he will warrant forever and defend the property to the grantee against any lawful claim and demand of the grantor and every person claiming or to claim by, through, or under him.

 The covenants in the deed from the Bathons to the appellant, however, must be construed in light of the description of the property conveyed by that instrument. Where a deed containing covenants of special warranty and of further assurances sets forth a specific metes and bounds description of the property conveyed the representation of the quantity of acreage within the metes and bounds cannot be construed as an express or implied covenant of quantity and will be rejected if inconsistent with the actual area. *Neavitt v. Lightner, supra,* 155 Md. at 375–76, 142 A. 109. Very little stress is placed on words of general description as to the extent of a conveyance, such as an estimation accompanied by the words "more or less," when the instrument also contains a particular description of the property to be conveyed. *Id.* at 375, 142 A. 109. The trial court therefore properly dismissed counts six, seven and eight of the appellant's amended complaint since they did not state any legally sufficient allegation that the Bathons made covenants in their deed concerning the quantity of land that they conveyed to the appellant.

### *Legal Malpractice*

Finally, the appellant asserted that Wilson negligently breached his contract of employment as her attorney and acted with willful and wanton misconduct in his representation of the appellant. The record does not, however, con-

---

§ 2–110. Effect of covenant that grantor has done no act to encumber.

A covenant by the grantor in a deed, "that he has done no act to encumber the land," has the same effect as if he had covenanted that he had not done, executed, or knowingly suffered any act or deed whereby the land granted, or intended to be, or any part of it, are or will be charged, affected, or encumbered in title, estate, or otherwise. § 2–112. Effect of covenant for further assurances.

A covenant by a grantor in a deed, "that he will execute further assurances of the land as may be requisite," has the same effect as if the grantor had covenanted that he at any time on any reasonable request, at the expense of the grantee will do any further act and execute any further instrument to perfect the grant and assure to the grantee the lands granted, or intended to be granted, as shall be reasonably required by the grantee or his attorney.

tain any evidence that suggests that the appellee Wilson neglected the duties he assumed in consumating her purchase of the property from the Bathons.

 The elements of a legal malpractice action are: (1) employment of a lawyer; (2) his or her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the client. *Kendall v. Rogers,* 181 Md. 606, 611–12, 31 A.2d 312 (1943), *Glasgow v. Hall,* 24 Md.App. 525, 529, 332 A.2d 722 (1975). The appellant retained the appellee Wilson to examine the title to the property she had purchased and to conduct settlement on that transaction. He was furnished a copy of the survey plat and surveyor's report on which the parties had relied in entering their contract. He incorporated the metes and bounds description of the property contained in the surveyor's report into the deed that he prepared for the appellant. The appellee Wilson had no reason to doubt the calculations of the professional survey company in arriving at the acreage of the described parcel. He was under no duty to make an independent computation of the parcel's area. *Cf. Toth v. Vazquez,* 3 N.J.Super. 379, 65 A.2d 778, 780 (1949).

JUDGMENT AFFIRMED;
COSTS TO BE PAID BY THE APPELLANT.